**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-5847

TERESA D. VARNEY,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-7709

TERESA D. VARNEY,
Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-92-176, CA-94-579-1)

Argued: May 10, 1996

Decided: July 17, 1996

Before MICHAEL, Circuit Judge, NORTON, United States District
Judge for the District of South Carolina, sitting by designation, and
DOUMAR, Senior United States District Judge
for the Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John G. Hackney, Jr., Charleston, West Virginia, for Appellant. John Castle Parr, Assistant United States Attorney, Charleston, West Virginia, for Appellee. **ON BRIEF:** Rebecca A. Betts, United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Teresa D. Varney was convicted after a jury trial of five counts stemming from a drug trafficking conspiracy in which she engaged with her husband. On appeal, she challenges the admission of certain evidence and her conviction of using or carrying a firearm in violation of 18 U.S.C. § 924(c)(1). We affirm.

I.

Viewed in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80 (1942), the evidence at trial demonstrated that from January, 1991 to June, 1992, Teresa D. Varney (hereafter "Varney" or "defendant") and her husband Kenneth Varney engaged in a conspiracy to distribute and possess with intent to distribute narcotics in Mercer County, West Virginia. Kenneth Varney was the primary actor in the conspiracy; Teresa Varney accompanied him on frequent trips to procure the drugs from a supplier out-of-state, and on almost-daily visits to a street-level dealer.

The Varneys' normal routine was to travel to Atlanta, where Kenneth met his supplier and picked up the narcotics that would then be distributed back in West Virginia. They were often accompanied on

2

these trips by one of two older women, Biddie Thomas (age 54) and Louise White (age 61). At the time of her arrest, in 1992, defendant was age 25; her husband is 16 years her senior. The older women were apparently brought along to provide cover, that is, to make the Varneys less suspicious to law enforcement.

The conspiracy ended in June, 1992, when Biddie Thomas, by then a confidential informant, called her contact in the West Virginia state police to tell him that the Varneys would be returning to the state with a supply of drugs. A roadblock was set up outside Bluefield, West Virginia on a highway off-ramp. The police had a federal search warrant. Because the officers were aware there was a firearm in the car, they approached the car with their weapons drawn. Defendant was in the passenger seat. One officer yelled several times at Varney -- each time instructing her to get out of the car. Defendant was slow to respond, and began reaching to her left for her pocketbook. At this point, two officers grabbed her and pulled her from the car. The purse was recovered from a position just to the left of the passenger seat. The police found a loaded, .38 caliber, two shot derringer in a radar detector case inside her purse; they also found numerous bags of marijuana in the trunk of the car.

On July 9, 1992, a grand jury charged the defendant and her husband in a five count indictment. Count One charged them with conspiracy to distribute and to possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846. Count Two charged them with traveling in interstate commerce with intent to facilitate or carry on an unlawful activity in violation of 18 U.S.C. § 1952(a)(3). Count Three charged them with possession with intent to distribute marijuana (aided and abetted by each other), in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count Four charged them with using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Count Five charged Teresa Varney with conduct to intimidate or corruptly persuade a witness to withhold testimony, in violation of 18 U.S.C. § 1512(b)(2); Kenneth Varney was not named in this count.

On February 3, 1993, after a two day trial, a jury found Teresa Varney guilty of all five counts charged in the indictment.[1] On April
_____

**1** Kenneth Varney was tried separately.

23, 1993, she was sentenced to 84 months imprisonment. This sentence consisted of 24 months on Counts One, Two, Three, and Five (to run concurrently) and a 60 month consecutive term, as required by statute, on Count Four.

The path from sentencing to this court took some three years; it deserves brief elaboration.

Following sentencing, defendant informed her trial counsel that she wanted to appeal; he learned of this on May 4, 1993. Counsel erroneously concluded that the ten-day period for noticing an appeal under Federal Rule of Appellate Procedure 4(b) had run, and, consequently, did not file a notice of appeal. In fact, the ten-day period did not commence until entry of the judgment order on April 26, and an appeal would have been timely on May 4.

The following March, defendant filed a notice of appeal pro se; it was dismissed as untimely on motion of the United States. In August, 1994, Varney filed a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel for failure to notice the appeal. The Magistrate Judge to whom the case was referred recommended that the court simply vacate and immediately reinstate the sentence, thereby giving Varney a chance to pursue a direct appeal. Before the district court passed on this recommendation, defendant (by now assisted by a new counsel) requested more time to file additional§ 2255 claims. The Magistrate Judge to whom the case was again referred repeated her earlier recommendation that the court vacate and reinstate defendant's sentence; she also made recommendations on the other claims submitted. On October 12, 1995, the district court found that the failure of counsel to file a notice of appeal constituted ineffective assistance. The court therefore vacated the sentence and reinstated the same sentence for the sole purpose of allowing Varney to take a direct appeal. The court declined to consider the additional § 2255 claims until defendant exhausted her direct appeal, and dismissed them without prejudice. This time, Varney timely noticed an appeal.

Thus, on this appeal we consider only the alleged errors at trial, and intimate no opinion on the § 2255 claims not passed on by the district court.

4

II.

A.

Varney contends that certain evidence was admitted in violation of Federal Rule of Evidence 404(b). Because there was no objection at trial to the allegedly infirm testimony, we review this claim for plain error. Fed. R. Evid. 103; United States v. Chin , 83 F.3d 83, 87 (4th Cir. 1996). Therefore, her conviction may be reversed only if there was "(1) error (2) which was plain; (3) which affected substantial rights; and (4) which seriously affected" the fairness of the proceedings. Fed. R. Crim. P. 52(b); United States v. Moore, 11 F.3d 475, 481 (4th Cir. 1993), cert. denied, 114 S.Ct. 1864 (1994) (citing United States v. Olano, 507 U.S. 725, 732-37 (1993)).

B.

Rule 404(b) provides in pertinent part that

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Rule 404(b) is a rule of inclusion, admitting "all evidence of other crimes or acts except that which tends to prove only criminal disposition." United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995) (quoting United States v. Percy, 765 F.2d 1199, 1203(4th Cir. 1985)). Under Rule 404(b), prior bad acts are admissible if"(1) relevant to an issue other than character, (2) necessary, and (3) reliable." United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988). Of course, even if admissible under Rule 404(b), evidence may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.

Varney objects to four portions of the testimony. None of these claims has merit.

5

Varney objects first to testimony by Louise White that defendant convinced White to buy a car for her, while keeping it titled and insured in White's name. The apparent motive for doing so was to avoid scrutiny by welfare investigators (the Varneys were apparently receiving food stamps). Varney claims that this suggestion of welfare fraud was prejudicial.[2] Significantly, however, the only mention of this motivation came on cross-examination. (Joint Appendix 167-68) (hereafter "J.A."). Thus, there can be no objection to this evidence by the defendant.

Defendant next objects to testimony by Biddie Thomas suggesting that the Varneys obtained money from Louise White under false pretenses. (J.A. 77). Whatever harm resulted from this brief (and cryptic) testimony does not constitute plain error, particularly given that defense counsel subsequently elicited more precise testimony from Louise White herself about the money that the Varneys induced her to give to them. (J.A. 164-68).

Defendant also objects to testimony by White that she paid Kenneth Varney several thousand dollars to beat up her son-in-law, who was abusing both White and White's daughter. (Mr. Varney did not keep his end of the bargain). At no point during this testimony is the defendant's name mentioned in connection with the plan to beat up White's son-in-law. By definition, this is not error, because there was no prejudice to defendant herself.

_____

[2] Defendant urges that prejudice is manifest in that the suggestion of welfare fraud "so inflamed the passions of one juror that she felt compelled to bring the matter to the attention of the Court." In fact, this person, the alternate juror, informed the judge (outside the presence of the other jurors) that she worked for the West Virginia Department of Human Services, and was obligated by her job to report any evidence of welfare fraud. Thus, when the issue arose at trial, she promptly (and properly) sought to inform the court of possible bias. The district judge decided not to dismiss her at that point -- inasmuch as she had already been designated as the alternate -- and stated that he would deal with the question of whether to dismiss her only if she was ultimately needed for a verdict. (Joint Appendix 213C-213G).

6

Finally, defendant claims prejudice regarding an incident described by White. Kenneth Varney was driving at a high speed, and when he saw a police car in pursuit, instructed Teresa to switch places with him. Teresa responded by stating that "I can't be under the wheel" and told White to get into the driver's seat. White got a speeding ticket as a result. There was no testimony that drugs were present or that the police tried to search the car. Even if this was error, it is impossible to discern how it constitutes plain error or affected defendant's substantial rights -- other than to demonstrate that she did not want to be charged with speeding. It certainly does not indicate a criminal disposition or a disposition to engage in drug trafficking.

In sum, we find no plain error in the admission of the foregoing evidence. Nor do we find that its admission violated the proscription of Rule 403.

III.

A.

Defendant challenges the sufficiency of the evidence on Count Four, which charged her with using or carrying a firearm during and in relation to a drug offense, in violation of 18 U.S.C. § 924(c). We review this claim under the well-settled standard that a criminal conviction shall not be set aside for insufficient evidence if, "viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979).

B.

Title 18, United States Code, Section 924(c)(1) requires a five year consecutive term for any person who "during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm." By its terms, the statute requires two showings: that the defendant "used or carried" a firearm, and, if so, that such occurred "during and in relation" to a drug trafficking crime. Smith v. United States , 508 U.S. 223, 227-28 (1993).

7

The latter aspect is easily satisfied. The Supreme Court has stated that the "during and in relation to" element requires, at a minimum, that the firearm "must have some purpose or effect with respect to the drug trafficking crime" and its presence cannot be a coincidence. Id. at 238; see United States v. Sloley, 19 F.3d 149, 152 (4th Cir. 1994) ("in relation to" requires that gun "facilitated, furthered, or had the potential to facilitate or further the drug crime").

Here, there was testimony that the Varneys carried a gun on every trip to the south. (J.A. 101, 115). Additionally, Louise White testified that, as they were setting off, Kenneth Varney would sometimes ask defendant "Do you have that gun?", and that on one occasion she replied that she did not and then went back into the house to get it. (J.A. 171-72). Moreover, the gun was next to the defendant in the car when the Varneys were transporting a supply of marijuana. A rational jury, therefore, could find that the presence of the gun had the potential to facilitate or further the drug crime and its presence was not coincidental.

That leaves the question of whether the defendant "used or carried" the firearm. There can be no doubt, and the government concedes as much, that the defendant did not "use" the firearm within the meaning of Bailey v. United States, 116 S.Ct. 501, 505 (1995), which requires some showing that the firearm was "actively employed." Having said that, the evidence described above regarding the circumstances of the defendant's arrest -- where the gun was within her purse, which itself was within arm's reach -- supports the jury's finding that Varney "carried" the firearm within the meaning of Section 924(c)(1). United States v. Hayden, ___ F.3d ___, #6D 6D6D#, No. 94-5861, slip. op. at 13-14 (4th Cir. May 31, 1996); see United States v. Baker, 78 F.3d 1241, 1247-48 (7th Cir. 1996) (transporting gun within immediate reach constitutes "carrying"); United States v. Farris, 77 F.3d 391, 395-96 (11th Cir. 1996) (gun in glove compartment of car satisfies "carry" prong).

IV.

Finally, Varney argues that her trial counsel was ineffective for failing to raise the issue of her competency to stand trial. Ineffective assistance of counsel claims should be raised under 28 U.S.C. § 2255

8

motions, unless it "conclusively appears" from the record that counsel was ineffective. United States v. Matzkin, 14 F.3d 1014, 1017 (4th Cir. 1994); United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992); United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973); United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir. 1970). Because the record before us does not conclusively demonstrate that Varney's trial counsel was ineffective, we decline to consider this issue.

V.

For the foregoing reasons, we affirm defendant-appellant Teresa Varney's conviction.

AFFIRMED

9