**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**J.B. FARRIS, Defendant–Appellant.**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jeffrey Bernard BUSH, Defendant–
Appellant.**

**Nos. 93–8168, 93–8212.**

United States Court of Appeals,
Eleventh Circuit.

March 13, 1996.

---

John W. Stokes, Jr., Office of John W. Stokes, Jr., Decatur, GA, for J.B. Farris.

Suzanne Hashimi, Federal Defender Program, Inc., Atlanta, GA, for Jeffrey Bernard Bush.

Kent Alexander, U.S. Attorney, Bryan J. Farrell, Amy Levin Weil, Asst. U.S. Attys., Atlanta, GA, for the U.S.

Before EDMONDSON and COX, Circuit Judges, and FAY, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

J.B. Farris appeals his convictions and sentences for conspiracy to possess cocaine base with intent to distribute in violation of 21 U.S.C. § 846 and for use of a firearm during the commission of a drug offense in violation of 18 U.S.C. § 924(c) and § 2. Jeffrey Bush appeals his convictions and sentences for the conspiracy charge and a substantive count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

In 1992, Farris, in the presence of Special Agent Ralph Bicknese of the Bureau of Alcohol, Tobacco and Firearms ("ATF"), agreed to deliver $150 of crack cocaine to a confidential informant ("CI") at a motel. Farris arrived at the motel in a Toyota with three other passengers—Jeffrey Bush, Judy Ison and Susan Mae Lester. As Farris approached the designated motel room, agents announced he was under arrest. Farris fled

and threw the cocaine into the nearby swimming pool. He was arrested, and the cocaine was retrieved.

The Toyota was driven out of the motel lot but was pulled over by ATF agents. After Ms. Ison, the car's owner, consented to a search of the car, agents found a loaded 9 millimeter pistol in the glove compartment, a nine millimeter bullet between the seats, and a slab of crack cocaine in the trunk. All three occupants were arrested and given *Miranda* warnings.[1] Bush, the driver of the Toyota, told agents that the gun and cocaine belonged to Farris and that Farris handed him the gun before leaving the car.

Bush, Ison and Lester were taken to an ATF office and questioned. Without being asked, Bush told Agent Bicknese that there was, under the driver's seat floor mat, additional crack cocaine which Farris had handed to him before leaving the Toyota. This cocaine was found during a search of the vehicle conducted at the ATF office. When Bush was searched, agents found $727 in cash and a beeper. Bush signed a form which said he had been advised of his constitutional rights, but he never signed a form waiving his right to a lawyer or the right to remain silent. Bush never asked for a lawyer. The next day Bush told Agent Bicknese that he wanted to cut a deal and that the cocaine found in the car was not his, but that he did own the gun.

Farris and Bush were indicted on three charges: (1) conspiracy to possess with intent to distribute cocaine; (2) possession with intent to distribute cocaine; and (3) use and carrying of a firearm during the commission of a drug offense. Farris' motion to sever the trials was granted. Farris was convicted of all three counts. Bush was convicted of the first two counts but acquitted of the gun charge.

1. The two women were never prosecuted.

2. Defendants both made Federal Rule of Criminal Procedure 29 motions for judgments of acquittal. Farris made his motion after the government closed its case and then put on no evidence. Bush made his Rule 29 motion after the government rested its case but failed to renew the motion after he presented his case.

## Sufficiency of the Evidence

■ Farris and Bush appeal the district court's orders denying their motions for judgment of acquittal based on insufficient evidence.[2] Sufficiency of the evidence is a question of law reviewed *de novo*. *United States v. Harris*, 20 F.3d 445, 452 (11th Cir.1994). Evidence is sufficient if, viewed in the light most favorable to the government, the jury could have found defendants guilty beyond a reasonable doubt. *Id.*

### a. Evidence of conspiracy

Farris and Bush claim the only evidence of conspiracy was that they drove to the motel together. They say no evidence showed an agreement between the two and that mere presence at the scene coupled with evidence of flight does not establish proof of a conspiracy. *See United States v. Pantoja–Soto*, 739 F.2d 1520, 1527 (11th Cir.1984).

■ To establish the existence of a drug conspiracy under 21 U.S.C. § 846, the government must prove that there was an agreement by two or more persons to violate the narcotics laws. *See United States v. Blasco*, 702 F.2d 1315, 1330 (11th Cir.1983). The existence of a conspiratorial agreement may be established through either direct or circumstantial evidence, such as inferences from the conduct of the alleged participants. *Id.*

■ The following evidence—basically the same evidence was introduced at both Farris' and Bush's trials—supports the conspiracy conviction: (1) Farris and Bush arrived at the motel together; (2) Bush waited at the motel while Farris went in; (3) when Farris began to run and attempted to get rid of the cocaine, Bush too sought to escape; (4) agents found a beeper and $727 on Bush; (5) the amount of cocaine found was consistent with distribution not personal use; and (6) Bush made conflicting statements about the ownership of the drugs and the gun.[3] View-

If a Rule 29 motion is not renewed at the close of all the evidence, we review the evidence only for a manifest miscarriage of justice. *United States v. Hamblin*, 911 F.2d 551, 556–57 (11th Cir.1990).

3. Agent Bicknese testified at both trials that Bush first told him that the gun and the drugs belonged to Farris, but then later Bush told him

ing the evidence in the light most favorable to the government, a reasonable jury could find Defendants guilty of conspiracy to possess with intent to distribute beyond a reasonable doubt.

### b. *Evidence of possession*

Only Bush argues that the evidence was insufficient to convict him of the substantive drug charge. He says his mere proximity to the drugs, his knowledge that drugs were under the floor mat, and his statement to Agent Bicknese that Farris handed the bag of drugs to him are insufficient to support his conviction. *See United States v. Rackley*, 742 F.2d 1266, 1272 (11th Cir.1984).

 To support a conviction for possession with intent to distribute, the government must prove (1) knowing (2) possession of a controlled substance (3) with intent to distribute it. *United States v. Freyre–Lazaro*, 3 F.3d 1496, 1504 (11th Cir.1993). Possession may be actual or constructive and may be proved by circumstantial evidence. *United States v. Vera*, 701 F.2d 1349, 1357 (11th Cir.1983).

██ To convict Bush of this charge under a theory of aiding and abetting, 18 U.S.C. § 2, the government must prove that Bush associated himself with the criminal venture and sought to make the venture a success. *See Freyre–Lazaro*, 3 F.3d at 1504. The evidence, which is sufficient to support the conspiracy charge, supports the possession charge because it shows Bush to have been an aider and abettor.

### c. *The gun charge*

██ Farris says no evidence shows he used, carried or had actual or constructive possession of the firearm or that he aided and abetted Bush to use or to carry the weapon. The government concedes that, in the light of *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the evidence is insufficient to support a jury finding that Farris "used" the weapon for the

drug trafficking crime. The government argues, however, that the evidence is sufficient to support Farris conviction under the "carry" element of 18 U.S.C. § 924(c).

The government says that section 924(c) applies when a defendant carries a firearm in a vehicle that is being used as a base for drug distribution. *See United States v. Freisinger*, 937 F.2d 383, 387 (8th Cir.1991) (carrying under 18 U.S.C. § 924(c) includes carrying firearm in vehicle); *United States v. Ross*, 920 F.2d 1530, 1536 (10th Cir.1990) (carrying includes carrying in vehicle); *United States v. Cardenas*, 864 F.2d 1528, 1535–36 (10th Cir.1989) ("[t]he means of carrying is the vehicle, itself, rather than the defendant's hands or pocket").[4] The government argues the evidence was sufficient for the jury to conclude that the pertinent Toyota was being used as a drug distribution center and that the firearm seized from the glove compartment was being carried—within the meaning of section 924(c)—during the commission of a drug offense.

Farris argues that no evidence shows he even knew the firearm was in the glove compartment: the car was owned by Ms. Ison; Bush was driving the car; Farris had been sitting in the backseat. But, the conviction must be affirmed if a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *United States v. Poole*, 878 F.2d 1389, 1391 (11th Cir.1989). The evidence need not exclude every hypothesis of innocence. *Id.*

The evidence presented by the government is enough to support Farris' conviction on the gun charge. The jury heard that Bush originally told agents the gun belonged to Farris; the gun was present in a car from which drugs were being distributed; Farris set up the drug deal and was to make the sale; and Bush never left the car which contained the remaining cocaine and the gun. From this the jury could find that the Toyota was used as a drug distribution center and that Farris knew the firearm was in the automobile. Put

---

that the gun was his but all the drugs belonged to Farris. At Bush's trial, Agent Bicknese also testified that Bush told him that Farris handed him the drugs found in the car.

4. Because *Bailey* did not discuss the carry element of section 924(c), these decisions are not affected.

differently, the jury could find that the firearm was being carried by Farris in the vehicle. The district court did not err in refusing to grant Farris the motion for judgment of acquittal on the gun charge.

### Waiver of Twelve Member Jury

 After the case was submitted to the jury and the alternate juror had been dismissed, that one sitting juror might be racially biased was discovered.[5] The district court asked Farris' counsel how she wanted to proceed. She discussed the situation with Farris, and he agreed to proceed with eleven jurors if the alternate could not return immediately. The alternate juror could not be located.

Right before the jury was brought in to read the verdict, the court asked Farris if he agreed to proceed with eleven jurors; and he said yes. Farris now claims that he did not consent to proceeding with fewer than twelve jurors. He says the district court did not ask him if he would waive his right to twelve jurors until after the jury reached its verdict and that the court's questioning of him was equivocal.

The question before us is whether Farris made an informed and voluntary waiver of his right to twelve jurors.[6] The adequacy of a jury trial waiver is a mixed question of fact and law which we review *de novo*. *See United States v. Christensen*, 18 F.3d 822, 824 (9th Cir.1994).

Farris' consent was communicated twice—once by his lawyer and once by him. He had the opportunity to object before the verdict was read. Nothing suggests that the consent was something other than a tactical decision. *See United States v. Spiegel*, 604 F.2d 961, 966 (5th Cir.1979). The record sufficiently supports the conclusion that Farris knowingly and voluntarily consented to proceeding with a jury of eleven.

### Waiver of Miranda Rights

Bush claims the district court erred in determining that he voluntarily waived his right to remain silent. He argues that incriminating statements were coerced because the agents told Judy Ison (his girlfriend) in Bush's presence that, if Bush claimed the drugs, she would not be prosecuted. He points out that he never signed the section of the waiver form indicating that he waived his right to remain silent or to counsel.

 The government must prove by a preponderance of the evidence that Bush made a knowing, voluntary and intelligent waiver of his *Miranda* rights. *See Dunkins v. Thigpen*, 854 F.2d 394, 398 (11th Cir.1988). The district court's fact finding should be upheld unless clearly erroneous, but the application of law to that finding is reviewed *de novo*. *United States v. Nash*, 910 F.2d 749, 752 (11th Cir.1990).

 The district court held a *Jackson v. Denno* [7] hearing on whether Bush voluntarily waived his right to remain silent. At the hearing, Bush introduced no evidence that agents coerced him by offering to drop charges against Ison. Agent Bicknese testified that Bush was given *Miranda* warnings, that Bush acknowledged understanding his rights, that Ison was never told she would not be prosecuted if Bush claimed the drugs, that Bush initiated conversations with Bicknese the day after his arrest, and that Bush wanted to make a deal. The evidence presented at the hearing supports the district court's finding and conclusion that Bush effectively waived his *Miranda* rights. We

---

**5.** On the jury questionnaire this juror answered the question, "Are you a salaried employee of the U.S. government?" with "No, I am white."

**6.** The right to a jury of twelve members may be waived by the defendant if his consent is express and intelligent. *See Patton v. United States*, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930). A written stipulation is not mandatory; the right to a twelve member jury may be waived orally. *United States v. Smith*, 523 F.2d 788, 791 (5th Cir.1975). Federal Rule of Criminal Procedure 23(b) permits juries with fewer than twelve members (1) by written stipulation of the parties with the consent of the court or (2) without a stipulation if the court finds it necessary to remove a juror for cause. Farris does not contend that his waiver was ineffective because it was not in writing, but instead that the government failed to show he made an informed and voluntary waiver of his right to twelve jurors.

**7.** *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

also reach that conclusion. The admission of Bush's statements was not error.[8]

*Career Offender Status*

██ Farris and Bush claim the district court erred in sentencing them as career offenders under Sentencing Guideline § 4B1.1. Section 4B1.1 provides for enhanced punishment of defendants with two prior felony convictions which are either crimes of violence or controlled substance offenses.[9] Sentence enhancement by the district court is reviewed *de novo*. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir.1994).

a. *Farris*

██ Farris attacks the guilty pleas underlying the two drug convictions used to enhance his sentence. He says he lacked the intelligence to enter the guilty pleas freely and voluntarily. A defendant must demonstrate that a conviction is "presumptively void" before a sentencing court may inquire into its constitutional validity for purposes of sentencing under U.S.S.G. § 4A1.2. *See United States v. Roman*, 989 F.2d 1117, 1119–20 (11th Cir.1993) (en banc). And, with the exception of convictions obtained in violation of the right to counsel (that is, convictions in the absence of a lawyer), defendants in federal sentencing proceedings may not collaterally attack state court convictions used to enhance their sentences under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *See Custis v. United States*, ⸺ U.S. ⸺, ⸺, 114 S.Ct. 1732, 1739, 128 L.Ed.2d 517 (1994).[10]

██ Farris objected to the two earlier guilty pleas on the grounds that he lacked sufficient understanding of the crimes charged or the court proceedings to make those convictions admissible. Farris' proffer does not demonstrate that the state court convictions were presumptively void. We extend *Roman* to cover this case. The district court did not err in sentencing Farris as a career offender under U.S.S.G. section 4B1.1.

b. *Bush*

██ Bush claims the district court erred by characterizing his conviction for felon in possession of a firearm as a crime of violence to enhance his sentence under section 4B1.1.[11] The government concedes that felon in possession is no crime of violence under section 4B1.1, *see Stinson v. United States*, 508 U.S. 36, 38, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993), but says Bush's robbery conviction can be substituted to sustain the sentence. Bush, relying on *United States v. Oliver*, 20 F.3d 415, 418 (11th Cir.1994), argues that his robbery conviction cannot be substituted to sustain his sentence.[12]

8. Bush claims the district court erred by admitting evidence of Farris' prior drug deals in his trial. At Bush's trial, Agent Bicknese testified that he was investigating Farris for distributing cocaine. Bush's objection to this testimony was overruled; the district court said the evidence was admissible to explain why Bicknese was investigating Farris on the night Bush was arrested. The district court did not abuse its discretion.

9. The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that—
 (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
 (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives or otherwise involves conduct that presents a serious potential risk of physical injury to another.
U.S.S.G. § 4B1.2(1).

10. We recognize that *Roman* involved the computation of criminal history under section 4A1.2 and *Custis* involved sentence enhancement under the Armed Career Criminal Act, while this case involves the determination of career offender status under section 4B1.1. We do not find this distinction determinative. We are persuaded by these precedents.

11. Bush had prior convictions for (1) robbery, (2) burglary, (3) aggravated assault, and (4) felon in possession. Bush, for reasons other than lack of counsel, attacked the guilty pleas underlying his robbery and burglary convictions; so the district court relied on the aggravated assault and felon in possession convictions to classify him a career offender.

12. In *Oliver*, the district court enhanced Oliver's sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and U.S.S.G. § 4B1.4 using a conviction for felon in possession. After holding that felon in possession was not a violent felony for purposes of Section 924(e) and Section

We believe Bush's reliance on *Oliver* misplaced. In *Oliver*, the sentencing court focused only on the three convictions used to enhance Oliver's sentence under the Armed Career Criminal Act, one of which was a conviction for felon in possession. The sentencing court suggested that Oliver had been convicted of other crimes, but did not articulate whether Oliver's other convictions were violent felonies or whether they were to be included in determining Oliver's criminal history.

In this case, after reviewing the two convictions used to enhance Bush's sentence as a career offender—the felon in possession and aggravated assault convictions—the district court went on to complete the record by allowing the government to present evidence of the robbery and burglary convictions. And, the district court included the robbery and burglary convictions in calculating Bush's criminal history. Bush never challenged that he was, in fact, convicted of robbery in Georgia; he challenged only the constitutional validity of the conviction under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Bush made no showing that the robbery conviction was presumptively void; so collateral attack here of the earlier conviction is barred. *See Roman*, 989 F.2d at 1119–20.

We conclude that the district court made adequate findings on whether Bush's robbery conviction is valid for purposes of using the conviction to classify Bush as a career offender. The district court failed only to determine if robbery is a crime of violence for purposes of U.S.S.G. § 4B1.1. We can decide this question of law without remand to the district court and choose to do so.

 Under the Guidelines, "crime of violence" includes robbery. *See* U.S.S.G. § 4B1.2, comment. (n. 2). Under Georgia's Criminal Code, a person commits robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by (1) force, (2) intimidation, use of threat or coercion, or

by placing the other in fear of immediate serious bodily injury, or (3) sudden snatching. *See* O.C.G.A. § 16–8–40 (1992). Force is implicit in sudden snatching. *See Dotson v. State*, 160 Ga.App. 898, 288 S.E.2d 608, 609 (1982).

We conclude that robbery under Georgia law is a crime of violence and can be used as a predicate conviction for purposes of the career offender provisions of the Guidelines. Because Bush's robbery conviction is valid, it can be substituted for his felon-in-possession conviction to sustain his sentence as a career offender. The district court did not err in sentencing Bush as a career offender.

AFFIRMED.

---

4B1.4, and determining that the district court made inadequate findings on Oliver's other convictions, we remanded for resentencing. Bush argues that, as in *Oliver*, the findings made by the

district court on his robbery conviction are inadequate to sustain his sentence as a career offender.