[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11519
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 23, 2007
THOMAS K. KAHN
CLERK

_____

D. C. Docket No. 05-00037-CR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM FRANKLIN BOOTH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 23, 2007)**

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

A Northern District of Georgia jury convicted appellant of conspiracy to

possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and the district court sentenced him to a prison term of 190 months, a prison term below the sentence range prescribed by the Sentencing Guidelines of 235 to 293 months. He now appeals both his conviction and sentence.

Appellant challenges his conviction on the ground that the evidence was insufficient to convict. We are not persuaded and therefore affirm his conviction.

"'A conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence.'" United States v. Byrd, 403 F.3d 1278, 1288 (11th Cir.), cert. denied, 546 U.S. 901 (2005). (quoting United States v. Chastain, 198 F.3d 1338, 1351 (11th Cir. 1999)). "To support a conspiracy conviction under 21 U.S.C. § 846, the government must prove, beyond a reasonable doubt: (1) an agreement between the defendant and one or more persons, (2) the object of which is an offense under Title 21 of the United States Code." United States v. Baker, 432 F.3d 1189,1232 (11th Cir. 2005) (internal citations omitted), cert. denied, 547 U.S. 1085 (2006). To support a conviction for possession with intent to distribute under 21 U.S.C. § 841(a)(1), the government "must prove (1) knowing (2) possession of a controlled substance (3) with intent to distribute it." United States v. Farris, 77 F.3d 391, 395 (11th Cir. 1996). Because a conspiracy is, by its very nature, secretive, its existence may be

2

proven either by direct or circumstantial evidence, and the trier of fact may infer its existence from the surrounding circumstances.  United States v. Simon, 839 F.2d 1461, 1469 (11th Cir. 1988).

Here, the evidence established that appellant (1) agreed to store methamphetamine for Samuel Wayne Rylee, his employer and co-conspirator, for which he was to be paid $500 per pound, (2) utilized his skills as a mechanic to remove methamphetamine from hidden compartments in cars several times, and (3) personally transacted several methamphetamine deals, for which he received envelopes full of money.  Moreover, not only was appellant present for numerous other failed deliveries and transactions, but they often took place at his residence. Therefore, the facts, taken in the light most favorable to the Government, establish beyond a reasonable doubt a knowing agreement between Rylee and appellant, among others, to possess, store, and distribute methamphetamine.

Appellant challenges his sentence on two grounds.  First, he argues that the district court incorrectly found that he was not entitled to an adjustment in his offense level for having a minor role in the conspiracy.  He contends that the district court did not engage in the proper analysis under United States v. Rodriguez De Varon, 175 F.3d 930, 940 (11th Cir. 1999) (en banc).  In particular, it misapplied the first prong of De Varon because it held him accountable for all of

the drugs that Rylee distributed, instead of the drugs that he participated in storing and distributing. He also argues that the court failed to apply the second prong of De Varon, in that it did not compare his conduct against the roles of his co-conspirators.

"The district court's interpretation of the sentencing guidelines is subject to de novo review on appeal, while its factual findings must be accepted unless clearly erroneous." United States v. Jordi, 418 F.3d 1212, 1214 (11th Cir.) (quotations and citations omitted), cert. denied, 546 U.S. 1067 (2005). Specifically, we review the district court's determination of a defendant's role in the offense for clear error. See De Varon, 175 F.3d at 937. A defendant "who is less culpable than most other participants, but whose role could not be described as minimal" is entitled to a two-level reduction for his minor role. U.S.S.G. § 3B1.2(b), comment. (n. 5). "The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." De Varon, 175 F.3d at 939.

In De Varon, we established a two-part test to determine whether a role reduction is appropriate. See De Varon, 175 F.3d at 940-45. In applying the first prong, "the district court must measure the defendant's role against the relevant conduct for which [he] has been held accountable." Id. at 940. In the second

4

prong, the district court may assess a defendant's relative culpability vis-a-vis "other participants in the relevant conduct." Id. at 944. However, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." Id.

The district court held appellant accountable only for his own actual conduct, in which he did not play a minor role. The court also weighed his conduct against that of his co-conspirators. That he was more than a minor participant is a permissible view of the evidence, even if his role was less than others.

Appellant's second challenge to his sentence is that the district court incorrectly denied him "safety valve" relief because it did not make factual findings as to whether his "safety valve" statement met the requirements of U.S.S.G. § 5C1.2. He contends that, because the court failed to make factual findings regarding his statement, we cannot engage in meaningful review, and his case should be remanded for re-sentencing.

"When reviewing the denial of safety-valve relief, we review for clear error a district court's factual determinations," while we review "de novo the court's legal interpretation of the statutes and sentencing guidelines." United States v.

5

<u>Johnson</u>, 375 F.3d 1300, 1301 (11th Cir. 2004). "To facilitate judicial review of sentencing decisions and avoid unnecessary remands . . . sentencing judges should make explicit findings of fact and conclusions of law." <u>United States v. Wise</u>, 881 F.2d 970, 973 (11th Cir. 1989). However, remand is not necessary when meaningful appellate review is possible from the record extant. <u>See</u> <u>id.</u>

Where, as here, a defendant is convicted of a crime pursuant to § 846, a district court "shall impose a sentence pursuant to [the sentencing guidelines] without regard to any statutory minimum sentence, if the court finds at sentencing . . ." that five enumerated factors are present. 18 U.S.C. § 3553(f); <u>see</u> <u>also</u> U.S.S.G. § 5C1.2(a). The fifth factor under § 5C1.2 is the only one at issue here. Specifically, the fifth factor provides that:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). To satisfy the requirements of § 5C1.2(a)(5), a defendant must demonstrate that he has made a good faith effort to cooperate with the government. <u>United States v. Cruz</u>, 106 F.3d 1553, 1557 (11th Cir. 1997). "The burden is on the defendant to come forward and to supply

6

truthfully to the government all the information he possesses about his involvement in the offense, including information relating to the involvement of others and to the chain of the narcotics distribution." Id.

Although the district did not make explicit factual findings to support the conclusion that appellant's statement did not qualify for safety valve relief, in this case, meaningful appellate review is possible from the existing record. In deciding that the statement did not qualify, the court implicitly agreed with the Government's conclusion that the statement was not truthful, and this conclusion is supported by the record. In sum, the court committed no error in denying "safety valve" relief. Appellant's sentence, as well as his conviction, are

AFFIRMED.