[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 10, 2008
THOMAS K. KAHN
CLERK

No. 07-10798
Non-Argument Calendar

_____

D. C. Docket No. 06-20555-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 10, 2008)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

John Walker appeals his convictions for possession with intent to distribute

a controlled substance, see 21 U.S.C. § 841(a)(1), and maintaining a place for the purpose of manufacturing a controlled substance, see 21 U.S.C. § 856(a)(1). Walker presents two arguments in his appeal. First, Walker argues that the district court erred when it denied his motions for acquittal and for a new trial because the evidence presented to the jury was insufficient to support his convictions. Second, Walker argues that the district court erred when it instructed the jury on deliberate ignorance. We reject both arguments and affirm Walker's convictions.

We review de novo the denial by a district court of a motion for a judgment of acquittal based on the sufficiency of the evidence. United States v. Byrd, 403 F.3d 1278, 1288 (11th Cir. 2005). We view the evidence in the light most favorable to the government and draw all reasonable inferences and credibility determinations in favor of the government. Id. "A conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." Id. (quoting United States v. Chastain, 198 F.3d 1338, 1351 (11th Cir. 1999)) (internal quotation marks omitted).

We review the denial of a motion for a new trial for abuse of discretion. United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). A motion for a new trial on the ground that the verdict is contrary to the weight of the evidence raises issues different from those involved in a motion for a judgment of acquittal

2

based on the sufficiency of the evidence. Id. "On a motion for a new trial based on the weight of the evidence, the [district] court need not view the evidence in the light most favorable to the verdict." Id. "It may weigh the evidence and consider the credibility of the witnesses." Id. "If the court concludes that, 'despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.'" Id. (quoting United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980)). Motions for new trials based on the weight of the evidence are not favored and should be granted in exceptional cases. Id.

"To support a conviction for possession with intent to distribute, the government must prove (1) knowing (2) possession of a controlled substance (3) with intent to distribute it." United States v. Farris, 77 F.3d 391, 395 (11th Cir. 1996). These elements may be proved by direct or circumstantial evidence. United States v. Pruitt, 763 F.2d 1256, 1264 (11th Cir. 1985). "Possession may be actual or constructive; if the accused exercised 'some measure of dominion and control over the contraband,' either exclusively or in association with others, he constructively possessed it." Id. (quoting United States v. Blasco, 702 F.2d 1315,

3

1330 (11th Cir. 1983)).  To support a conviction for maintaining a place for the purpose of manufacturing marijuana, the government had to prove that Walker (1) knowingly (2) operated or maintained a place (3) for the purpose of manufacturing marijuana.  United States v. Clavis, 956 F.2d 1079, 1090 (11th Cir. 1992).

The district court did not err when it denied Walker's motion for acquittal. Viewed in the light most favorable to the government, the evidence is sufficient to uphold Walker's convictions for possession with intent to distribute marijuana and maintaining a place for the purpose of manufacturing marijuana.  Over 200 marijuana plants and a sophisticated grow-system that required regular maintenance were discovered in a locked room in the house where Walker had lived for almost 20 years.  Three agents of the Drug Enforcement Administration testified that the marijuana emitted a distinctive scent that could be detected from outside the grow room.  Ziploc bags, a calculator, and one- and two-thousand dollar currency straps were found in Walker's bedroom, and additional ziploc bags and a digital scale were found in another upstairs room.  During the search, Walker also told officers that he "did not want to get [his son] involved in any of this."  A reasonable juror could have found that the evidence established beyond a reasonable doubt that Walker knowingly possessed the marijuana with the intent to distribute it and maintained the grow house for the purpose of manufacturing

4

marijuana.

The district court also did not abuse its discretion when it denied Walker's motion for a new trial. Although Walker presented some evidence that his son also lived in the house and had exclusive access to the locked grow room and that the marijuana was not detectable outside the locked room, the evidence did not preponderate sufficiently heavily against the verdict. See Martinez, 763 F.2d at 1312. We affirm the denial of Walker's motion for a new trial.

Walker next argues that the district court erred when it instructed the jury on deliberate ignorance. Walker argues that the instruction was inapplicable and produced jury confusion and a speculative verdict. We review a challenge to the substance of a jury instruction de novo. United States v. Stone, 9 F.3d 934, 937 (11th Cir. 1993). A deliberate ignorance instruction "is appropriate only when there is evidence in the record 'showing the defendant purposely contrived to avoid learning the truth.'" Id. (quoting United States v. Barbee, 968 F.2d 1026, 1033 (10th Cir.1992)). The decision to give an instruction on deliberate ignorance is subject to a harmless error analysis. See id.

Even if the instruction was improper, cf. United States v. Chen, 913 F.2d 183 (5th Cir. 1990), the error was harmless. The district court instructed the jury that it had to find that Walker was deliberately ignorant beyond a reasonable doubt,

5

and the evidence was more than sufficient to support a conviction based on actual

knowledge.  See United States v. Kennard, 472 F.3d 851, 858 (11th Cir. 2006);

Stone, 9 F.3d at 937–38.

Walker's convictions are

**AFFIRMED.**