[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15528
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00145-CR-ORL-28-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDMON JEROME BURTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 8, 2009)

Before BIRCH, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Edmon Jerome Burton appeals his convictions for conspiracy to possess with intent to distribute cocaine base, 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), and (b)(1)(C) ("Count 1"); possession with intent to distribute cocaine and cocaine

base, 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(C) ("Count 2"); and possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count 5"). On appeal, Burton argues that: (1) the evidence presented at trial was insufficient to support his convictions for Counts 1, 2, and 5; and (2) the district court erred under Rule 404(b) of the Federal Rules of Evidence by admitting into evidence two prior state-court convictions he had for possession of cocaine and carrying a concealed firearm. After thorough review, we affirm.

"We review de novo the denial of a motion for acquittal and the sufficiency of the evidence to sustain a conviction, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict." United States v. Tampas, 493 F.3d 1291, 1297-98 (11th Cir. 2007) (quotation omitted). "The jury is free to choose among alternative reasonable interpretations of the evidence, and the government's proof need not exclude every reasonable hypothesis of innocence." Id. at 1298 (quotation and citation omitted). "We affirm if a reasonable juror could have concluded that the evidence established [Burton's] guilt beyond a reasonable doubt." Id. "[W]e review the evidentiary rulings of the trial court only for a clear abuse of discretion." United States v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009). Under "the deferential abuse-of-discretion standard we must affirm unless

2

we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." Id. (quotation omitted).

First, we find no merit in Burton's claim that the evidence presented at trial was insufficient to support his convictions for Counts 1, 2, and 5. To support a conspiracy conviction under 21 U.S.C. § 846 (Count 1), "the government must prove beyond a reasonable doubt that: (1) a conspiracy existed; (2) appellant[] knew of the essential objectives of the conspiracy; and (3) appellant[] knowingly and voluntarily participated in the conspiracy." United States v. Calderon, 127 F.3d 1314, 1326 (11th Cir. 1997) (quotation omitted). "To satisfy this burden, the government need not prove that the defendant knew all of the details or participated in every aspect of the conspiracy. Rather, the government must only prove that the defendant knew the essential nature of the conspiracy." United States v. Miranda, 425 F.3d 953, 959 (11th Cir. 2005) (quotation and alterations omitted). "Because the crime of conspiracy is predominantly mental in composition, it is frequently necessary to resort to circumstantial evidence to prove its elements." United States v. Arias-Izquierdo, 449 F.3d 1168, 1182 (11th Cir. 2006) (quotation omitted). "[C]lose association with a co-conspirator or mere presence at the scene of the illegal activity, standing alone, is insufficient to support a conspiracy conviction." United States v. Jiminez, 564 F.3d 1280, 1285

(11th Cir. 2009) (quotation omitted).  However, mere presence is "material, highly probative, and not to be discounted."  United States v. Gamboa, 166 F.3d 1327, 1332 (11th Cir. 1999) (quotation omitted).

"To support a conviction for possession with intent to distribute [(Count 2)], the government must prove (1) knowing (2) possession of a controlled substance (3) with intent to distribute it."  United States v. Farris, 77 F.3d 391, 395 (11th Cir. 1996).  "Possession can be either actual or constructive and can be either joint or sole."  United States v. Iglesias, 915 F.2d 1524, 1528 (11th Cir. 1990).  "A defendant has actual possession of a substance when he has direct physical control over the contraband."  United States v. Woodard, 531 F.3d 1352, 1360 (11th Cir. 2008) (quotation omitted).  "A defendant's constructive possession of a substance can be proven by a showing of ownership or dominion and control over the drugs or over the premises on which the drugs are concealed."  Id. (quotation omitted).  Where the presence of a large amount of drugs is undisputed, the proof required to sustain a conviction for conspiracy to distribute narcotics also is sufficient to uphold a conviction for possession.  See United States v. Cruz-Valdez, 773 F.2d 1541, 1544 (11th Cir. 1985).

Finally, to prove a violation of § 922(g)(1) (Count 5), the government must prove "beyond a reasonable doubt that the defendant knowingly possessed a

4

firearm and had been previously convicted of a felony." United States v. Gunn, 369 F.3d 1229, 1235 (11th Cir. 2004). Here, Burton does not dispute that he previously had been convicted of a felony.

As with drugs, "[a] defendant has constructive possession if he exercises ownership, dominion, or control over the firearm. A defendant also has constructive possession if he has the power and intention to exercise dominion or control. The defendant may exercise that dominion and control either directly or through others." Id. (citations omitted). "[A] person who owns or exercises dominion and control over a residence in which contraband is concealed may be deemed to be in constructive possession of the contraband." United States v. Molina, 443 F.3d 824, 829 (11th Cir. 2006) (quotation and ellipsis omitted). "However, a defendant's mere presence in the area of contraband or awareness of its location is not sufficient to establish possession." United States v. Thompson, 473 F.3d 1137, 1142 (11th Cir. 2006) (quotation omitted).

As for Count 1, the government put on evidence that: (1) Burton lived at, or had dominion or control over, the residence where the drugs were found, see United States v. Faust, 456 F.3d 1342, 1346 (11th Cir. 2006) (holding that sufficient evidence supported that the defendant had dominion or control over the premises when, inter alia, Faust appeared at the door when police arrived, police

5

discovered items that belonged to him in the house, another individual stated that he lived there, and he could gain access to the residence at will); (2) officers found over 50 grams of cocaine base, over 400 grams of cocaine hydrochloride, cash, guns, and various items consistent with drug distribution, including plastic bags, razor blades, two digital scales, and beakers, in the home, and Burton was found with 2.7 grams of cocaine base on his person, which supports that Burton knew of and was a part of the drug distribution, see Miranda, 425 F.3d at 959 (holding that, "where large quantities of drugs are present a prudent smuggler is not likely to suffer the presence of unaffiliated bystanders" (quotation omitted)); and (3) officers found Burton in the room where over 50 grams of cocaine base were in plain view on the floor, and an agent testified that Burton would have had to be within 10 feet of the crack cocaine, see id. at 960 (analyzing evidence of Miranda's habitation in an apartment and his running to a bedroom where drugs and guns were located and determining that the "jury was . . . free to infer from the totality of the circumstances that Mr. Miranda's role in the conspiracy was to guard the large quantity of drugs stored in the back bedroom, and that his motive in running to that room, which had no outside exit, was to attempt to arm himself and to conceal or destroy the drugs").[1]  This evidence, taken in a light most favorable to

---

[1] Although Burton argues that it was a "reasonable hypothesis" that he did not know of the crack cocaine until he ran into the room, we have said that, "[i]n rebutting the government's

the government, was sufficient for a reasonable juror to conclude that Burton conspired to distribute and to possess with intent to distribute over 50 grams of cocaine base and a quantity of cocaine hydrochloride. See United States v. Lynch, 934 F.2d 1226, 1231 (11th Cir. 1991) ("[T]he jury may have inferred, from Lynch's attendance at a drug deal in his own home and evidence demonstrating his knowledge that cocaine was present in his home, that Lynch knowingly and voluntarily participated, with criminal intent, in the conspiracy to distribute cocaine."); Tampas, 493 F.3d at 1297-98.

As for Count 2, because the evidence was sufficient to sustain Burton's drug-conspiracy conviction in Count 1, the evidence was sufficient to support his conviction for possession with intent to distribute 50 grams or more of cocaine base and a detectable amount of cocaine hydrochloride. See Cruz-Valdez, 773 F.2d at 1544; Lynch, 934 F.2d at 1231 ("Because the presence of cocaine was uncontested, the evidence establishing Lynch's participation in the conspiracy also sufficed to prove his possession of the cocaine with intent to distribute."). As discussed above, the evidence was also sufficient to conclude that Burton had dominion or control over the residence, so that the jury could find that he had

---

evidence it is not enough for a defendant to put forth a reasonable hypothesis of innocence, because the issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found guilt beyond a reasonable doubt." Jiminez, 564 F.3d at 1285 (quotation and alteration omitted).

constructive possession of the cocaine base and cocaine hydrochloride present in the house. See Woodard, 531 F.3d at 1360; Tampas, 493 F.3d at 1298. Thus, sufficient evidence supported Burton's conviction as to Count 2.

Likewise, as for Count 5, because the evidence was sufficient to support that Burton had dominion or control over the residence and participated in the drug conspiracy, the evidence also supports that Burton constructively possessed the three firearms that were in the kitchen drawer, which were near the items associated with drug distribution, as the jury could infer that he had the power to exercise dominion or control over the firearms. See Thompson, 473 F.3d at 1143-44 (upholding convictions for possession of firearms by a convicted felon and possession of firearms in furtherance of a drug-trafficking crime because, inter alia, two handguns were "readily available, although hidden, in the living room where drugs were being packaged for sale"); Faust, 456 F.3d at 1346 (holding that the government presented sufficient evidence that Faust lived at the residence, or at least maintained dominion or control over the premises, such that sufficient evidence supported his conviction for constructively possessing drugs found throughout the house). In short, construing the evidence in the light most favorable to the government, a reasonable juror could find beyond a reasonable doubt that Burton was guilty of Counts 1, 2, and 5. See Tampas, 493 F.3d at 1298.

8

We also reject Burton's claim that the district court erred under Federal Rule of Evidence 404(b) by admitting into evidence his two prior state-court convictions. Rule 404(b) provides,

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed.R.Evid. 404(b). "Rule 404(b) is a rule of inclusion, and that accordingly 404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case." United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003) (quotation omitted).

> In reviewing 404(b) decisions, we apply a three-part test for admissibility of such evidence: (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof so that the factfinder could find that the defendant committed the extrinsic act; and (3) the evidence must possess probative value that is not substantially outweighed by undue prejudice.

United States v. Perez, 443 F.3d 772, 779 (11th Cir. 2006). Here, Burton does not challenge the second prong of the three-part test.

We have said that "in every conspiracy case, a not guilty plea renders the defendant's intent a material issue" and that "[e]vidence of such extrinsic evidence as may be probative of a defendant's state of mind is admissible unless the defendant affirmatively takes[] the issue of intent out of the case." United States v.

9

Matthews, 431 F.3d 1296, 1311 (11th Cir. 2005) (quotation, alterations, and ellipsis omitted); see also United States v. Butler, 102 F.3d 1191, 1195 (11th Cir. 1997) ("Intent is always at issue when a defendant pleads not guilty to a conspiracy charge."); Calderon, 127 F.3d at 1330-31 (determining that intent was at issue when the defendant argued that he was "merely present at the scene of the drug activity").

Under the third prong of the balancing test, "the probative value of the evidence must not be substantially outweighed by unfair prejudice." Jernigan, 341 F.3d at 1282 (quotation omitted) (emphasis in original). "This determination lies within the sound discretion of the district judge and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." Id. (quotation and alteration omitted). We have noted that "temporal remoteness is an important factor" and that a defendant "bears a heavy burden in demonstrating an abuse of the court's broad discretion in determining if an extrinsic offense is too remote to be probative." Matthews, 431 F.3d at 1311 (quotation omitted).

Here, under the first prong of our Rule 404(b) test, Burton's prior convictions for possession of cocaine and carrying a concealed firearm were

10

relevant to show Burton's intent, knowledge, or lack of accident or mistake with respect to the instant drug-conspiracy and drug- and gun-possession charges. See id. (holding that an "arrest for distribution of cocaine was relevant to the intent at issue in the charged conspiracy to distribute cocaine"); Jernigan, 341 F.3d at 1282 (noting that "the fact that Nelson knowingly possessed a firearm in a car on a previous occasion makes it more likely that he knowingly did so this time as well, and not because of accident or mistake" (emphasis in original)).

Burton has also failed to meet the third prong of the test, which requires a showing that the district court abused its discretion in determining that the probative value of his prior convictions was not substantially outweighed by unfair prejudice. See Perez, 443 F.3d at 779. As an initial matter, the prior convictions for possession of cocaine and carrying a concealed firearm were similar to the drug-conspiracy and drug- and gun-possession charges for which Burton was being tried. See Matthews, 431 F.3d at 1311 (noting that our "precedent regards virtually any prior drug offense as probative of the intent to engage in a drug conspiracy"). In addition, the prior offenses took place two years or less before the grand jury handed down the indictment on the instant charges. See id. at 1312 (holding that the district court did not abuse its discretion in finding than an eight-year period

11

from an arrest to the beginning of the charged conspiracy was "proximate enough to be more probative than prejudicial").

Moreover, pursuant to a request by defense counsel, the district court gave the jury a limiting instruction after admitting the evidence of the prior convictions, stating that the prior convictions were "admitted for the sole purpose of establishing defendant's guilt, intent and lack of mistake," and "must not be considered [] as proof of defendant's character or of his propensity to commit crime." This limiting instruction further supports that the district court did not abuse its discretion in allowing the evidence to be admitted. See United States v. Lamons, 532 F.3d 1251, 1267 (11th Cir.) ("Any prejudicial value was further reduced by the limiting instruction given by the district court during the jury charge."), cert. denied, 129 S. Ct. 524 (2008). Because Burton's prior convictions were relevant to an issue other than his character and their probative value was not substantially outweighed by unfair prejudice, the district court did not abuse its discretion under Rule 404(b) in allowing the prior convictions to be admitted into evidence.

**AFFIRMED.**

12