[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15150
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cr-20431-KMM-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHMAN ALLEN SIMMONS,
a.k.a. Rich,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 30, 2012)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Richman Allen Simmons appeals his 188-month

sentence for conspiring to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846. On appeal, Simmons argues that his sentence is unreasonable because the district court erroneously designated him a career offender under U.S.S.G. § 4B1.1. After review, we affirm.

We first address the government's request that we dismiss Simmons's appeal pursuant to the sentence appeal waiver in Simmons's plea agreement. Under that provision, Simmons agreed to waive his right to appeal his sentence or the manner in which it was imposed unless: (1) the sentence exceeded the statutory maximum sentence (in this case, forty years); (2) is the result of an upward departure or variance from the guidelines range; (3) is an illegal sentence; or (4) the government appealed the sentence.

The plea transcript indicates that the magistrate judge specifically questioned Simmons about the sentence appeal waiver and its exceptions and that Simmons indicated that he understood the waiver. However, the record also shows that the district court never adopted the magistrate judge's written report recommending acceptance of the plea agreement, and, at sentencing, the district court informed Simmons he had the right to appeal his sentence and did not

discuss the waiver at all.[1]  This Court has not yet issued a published opinion

enforcing an appellate waiver in this situation, but several sister circuits have

concluded that the district court constructively accepted a plea agreement when

the district court worked within the terms of the agreement and thus enforced the

waiver.  See, e.g., United States v. Leyva-Matos, 618 F.3d 1213, 1216 n.1 (10th

Cir. 2010); United States v. Brown, 571 F.3d 690, 694 (7th Cir. 2009); United

States v. Skidmore, 998 F.2d 372, 375 (6th Cir. 1993).  And here, the district court

arguably proceeded as though it had formally accepted the plea agreement.

We need not resolve this issue because Simmons's appeal lacks merit in any

event.[2]  Specifically, Simmons contends that the district court erred (1) in counting

Simmons's three state drug possession convictions because they were based on

Florida Statutes § 893.13, a facially unconstitutional statute, and (2) in counting

---

[1]We note that the district court's final judgment after sentencing reflects that Simmons pled guilty and was adjudicated guilty.  Nonetheless, if the district court is going to allow the magistrate judge to conduct the plea hearing, and even if the defendant does not object to the magistrate judge's report, the district court still should formally adopt the report and thereby accept the guilty plea before sentencing.  This would have avoided the issues here.

[2]We review the reasonableness of a sentence for abuse of discretion.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  We review the sentencing court's findings of fact for clear error and its application of the Sentencing Guidelines to those facts de novo.  United States v. Cooper, 203 F.3d 1279, 1286 (11th Cir. 2000).  Although Simmons's appeal brief states that his sentence is both substantively and procedurally unreasonable, the brief does not contain any argument as to substantive reasonableness.  Instead, the brief argues only that the district court improperly calculated Simmons's guidelines range as a career offender, which is a procedural reasonableness challenge.

3

his state aggravated battery conviction because Simmons was actually innocent of that offense.

Under U.S.S.G. § 4B1.1, a defendant is a career offender if, among other things, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Commentary to the Sentencing Guidelines states that prior convictions that have been reversed, vacated or "ruled constitutionally invalid in a prior case" should not be counted. U.S.S.G. § 4A1.2, cmt. n.6. We have explained, however, that nothing in this commentary or the guidelines themselves "authorizes district courts to question state convictions for other reasons." United States v. Roman, 989 F.2d 1117, 1120 (11th Cir. 1993) (en banc). Instead, "[a] defendant must demonstrate that a conviction is 'presumptively void' before a sentencing court may inquire into its constitutional validity for purposes of sentencing under U.S.S.G. § 4A1.2." United States v. Farris, 77 F.3d 391, 397 (11th Cir. 1996).

"This court has suggested that 'presumptively void' convictions 'are small in number and are perhaps limited to uncounseled convictions.'" United States v. Cooper, 203 F.3d 1279, 1287 (11th Cir. 2000) (quoting Roman, 989 F.3d at 1120). Thus, as a general rule, a defendant may not collaterally attack the prior conviction during his federal sentencing except where the attack is based on a violation of the

4

right to counsel.  <u>Farris</u>, 77 F.3d at 397; <u>see also</u> <u>Custis v. United States</u>, 511 U.S. 485, 487, 114 S. Ct. 1732, 1734 (1994).

Here, the district court did not err in counting Simmons's three drug possession convictions and his aggravated battery conviction under U.S.S.G. § 4B1.1.  Simmons did not contend that any of his state convictions were obtained in violation of his right to counsel.  Nor did he show that any of these convictions have been vacated or reversed.  Simmons's arguments that Florida Statutes § 893.13 is facially unconstitutional and that he is actually innocent of aggravated battery are collateral attacks on his state convictions that may not be brought in his federal sentencing.  Accordingly, the district court correctly calculated Simmons's advisory guidelines range as a career offender under § 4B1.1, and Simmons has not shown that his 188-month sentence is procedurally unreasonable.

**AFFIRMED.**