[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13391
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cr-00042-ACC-PRL-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADEL GONZALEZ,

Defendant,

LEODAN GALLO ARIAS,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(April 9, 2014)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Leodan Gallo Arias appeals his conviction after a jury found him guilty of manufacturing 50 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2.  Arias asserts the district court erred in denying his motion for judgment of acquittal because the Government did not have credible evidence to support his conviction.  He further contends the jury verdicts, which acquitted him of the conspiracy charge but found him guilty of the underlying substantive offense, are inconsistent.  After review,[1] we affirm Arias's conviction.

Section 841(a)(1) of Title 21 of the United States Code makes it unlawful for any person knowing or intentionally "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1).  Pursuant to 18 U.S.C. § 2 "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."  18 U.S.C. § 2.

To obtain a drug conviction under 21 U.S.C. § 841(a)(1), the Government must have proven beyond a reasonable doubt that Arias knowingly and intentionally manufactured marijuana.  *See* 21 U.S.C. § 841(a)(1).  A conviction under 21 U.S.C. § 841(a)(1) requires either direct or circumstantial evidence of a defendant's knowledge and intent.  *United States v. Garcia*, 405 F.3d 1260, 1270

---

[1] "We review *de novo* a district court's denial of judgment of acquittal on sufficiency of evidence grounds." *United States v. Friske*, 640 F.3d 1288, 1290 (11th Cir. 2011) (quotation omitted).

2

(11th Cir. 2005).  To support a conviction under 18 U.S.C. § 2, the government must show that the defendant "associated himself with the criminal venture and sought to make the venture a success."  *United States v. Farris*, 77 F.3d 391, 395 (11th Cir. 1996).  We have held that sufficient evidence supported a defendant's conviction for knowingly manufacturing marijuana because the defendant resided in the apartment and was listed as the customer on the electric records, where 117 marijuana plants and a functioning grow house were found.  *See Garcia*, 405 F.3d at 1270.

The district court did not err in denying Arias's motion for judgment of acquittal because the evidence was sufficient to establish, as the jury found, that Arias knowingly manufactured 50 or more marijuana plants.  *See United States v. Friske*, 640 F.3d 1288, 1291 ("A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." (quotation omitted)).  The evidence presented at trial showed a sophisticated marijuana grow operation at the 471 St. Francis Street property (Francis property).  A search of the Francis property revealed 53 marijuana root bases, marijuana plant tops, and equipment used for growing marijuana.  Drug Enforcement Agency Special Agent Wayne Andrews testified that investigators observed Arias at the Francis property several times during a two-week period of the investigation.  Arias was observed entering the

outbuildings on the Francis property, which were later determined to be marijuana grow rooms. Investigators also observed Arias take liquid fertilizer out of his truck and carry it into one of the outbuildings, where investigators observed him working for approximately three hours one night. A reasonable jury could infer that Arias sought to make the marijuana grow operation a success based on the fact that he was observed carrying liquid fertilizer and working in the grow rooms. *See Farris*, 77 F.3d at 395.

Furthermore, GPS tracking information showed Arias's vehicle traveling from the Francis property to a parking lot in Tampa, where the vehicles of Arias and Carlos Solares, who pled guilty to conspiring to manufacture marijuana in the instant case, were in the parking lot together. Although the title and utility bill records were not in Arias's name, Julio Castillo-Alvarez testified that Arias kept clothes and "things" at the Francis property. *See Garcia*, 405 F.3d at 1270. Castillo-Alvarez and Solares also testified that Solares recruited Arias to care for the marijuana plants at the Francis property. Castillo-Alvarez testified that Arias eventually stopped caring for the marijuana plants because he became fearful that the authorities were watching the grow house. This is supported by Agent Andrews' testimony that after Arias spotted Agent Andrews' car near the Francis property, Arias began to drive suspiciously, and was soon after not observed at the Francis property again. A reasonable jury could infer from the totality of the

4

evidence that Arias was knowingly involved in the manufacture of marijuana at the Francis property. *See Friske*, 640 F.3d at 1291.

Arias's argument the jury's verdicts are inconsistent is unavailing. Both the Supreme Court and our Court have held that inconsistent verdicts for different charges against one defendant are not sufficient to set aside the verdict. *See Harris v. Rivera*, 454 U.S. 339, 345 (1981) (explaining inconsistency in a jury verdict on different charges against one defendant is not a sufficient reason for setting the verdict aside); *United States v. Mitchell*, 146 F.3d 1338, 1345 (11th Cir. 1998) ("[A]s long as the guilty verdict is supported by sufficient evidence, it must stand, even in the face of an inconsistent verdict on another count."). Moreover, we have upheld a defendant's conviction where he was found guilty of the conspiracy and not the underlying substantive offense. *See United States v. Brito*, 721 F.2d 743, 749 (11th Cir. 1983). In any event, the verdicts are not necessarily inconsistent because the jury could have disbelieved Arias's codefendants' testimony and rested its finding on the surveillance of Arias's participation at the Francis property, but found insufficient evidence of an agreement with the other co-conspirators to commit the conspiracy count. The evidence viewed in the light most favorable to the Government supports Arias's conviction for manufacturing 50 or more marijuana plants. *See Friske*, 640 F.3d at 1290-91. Thus, the district

court did not err in denying Arias's motion for judgment of acquittal.  Accordingly,

we affirm Arias's conviction.

**AFFIRMED**.