**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Frank ROBINSON, Jr.,
Defendant–Appellant.**

**No. 88–3506
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 19, 1989.

Donald S. Modesitt, Tallahassee, Fla., for defendant-appellant.

Michael T. Simpson, Asst. U.S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before RONEY, Chief Judge,
VANCE and COX, Circuit Judges.

PER CURIAM:

The issue on this appeal is whether the possession of 25.2 grams of crack cocaine is sufficient to support a jury verdict con-

victing Frank Robinson, Jr. of possession with intent to distribute, in violation of 21 U.S.C.A. § 841. Defendant contends (1) the court abused its discretion in allowing a police officer to testify for the prosecution as an expert on the crack cocaine trade in Tallahassee, and (2) without that testimony, the amount involved was insufficient evidence of Robinson's intent to distribute the drug. We affirm.

The Government sought to prove that 25.2 grams of crack cocaine was a sufficient amount from which an intent to distribute could be inferred by the testimony of an expert witness. William Nathan Hurlburt II had been a Tallahassee police officer for over six years. He worked four and one-half years in an area of the city where the major law enforcement problem was crack cocaine. He had arrested approximately one hundred suspects for crack cocaine offenses. For the eight months prior to trial, he was a member of a police unit whose sole responsibility was to investigate crack cocaine offenses. The district court's ruling that the officer was qualified to offer an expert opinion on the subject of crack cocaine dealing and use in Tallahassee was not erroneous. *See United ed States v. Costa*, 691 F.2d 1358, 1361–62 (11th Cir.1982).

█ Officer Hurlburt testified that the crack cocaine, 25.2 grams worth about $2,000, which police recovered when they apprehended Robinson was an extremely large amount for a mere user to possess. Hurlburt indicated that the two thousand dollars worth of cocaine base could be cut into small individual doses of approximately two dollars each. From this evidence the jury could reasonably have inferred that Robinson intended to distribute a substantial part of the cocaine he possessed.

█ Robinson contends that, irrespective of the officer's testimony, 25.2 grams of cocaine is insufficient as a matter of law to support an inference of intended distribution. The cases on which he relies, such as *Turner v. United States*, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970); *United States v. Franklin*, 728 F.2d 994 (8th Cir. 1984); and *United States v. Olvera*, 523

F.2d 1252 (5th Cir.1975), are distinguishable since they do not involve the more potent, concentrated form of the drug, cocaine base which was possessed here, or they involve smaller amounts. We note that under the mandatory minimum sentencing provisions of 21 U.S.C.A. § 841(b)(1)(A), *50 grams* or more of cocaine base requires the same minimum punishment as *5 kilograms* or more of the less potent forms of cocaine, and under subclause (b)(1)(B) of that provision, *5 grams* or more of cocaine base mandates the same minimum sentence as *500 grams* or more of the other forms of the drug. This suggests that Congress has found cocaine base to be a more powerful type of cocaine distributed in smaller amounts. We find no support for Robinson's contention that possession of 25.2 grams of cocaine base is a legally insufficient basis for finding intent to distribute. The trial evidence presented a jury question on the issue of intent.

AFFIRMED.