PUBLISH

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

_____

## No. 96-6699
_____

## D.C. Docket No. CR-95-233-N


**UNITED STATES OF AMERICA,**

          **Plaintiff-Appellee,**


    **v.**


**JEFFREY YOUNG,**

          **Defendant-Appellant.**


_____

### Appeal from the United States District Court
### for the Middle District of Alabama
_____

### (December 23, 1997)

**Before EDMONDSON and DUBINA, Circuit Judges, and LIMBAUGH\*, Senior District Judge.**

_____

\*     Honorable Stephen N. Limbaugh, Senior U.S. District Judge for the Eastern District of Missouri, sitting by designation

PER CURIAM:

Defendant-Appellant Jeffrey Young entered a plea of guilty to possessing, with intent to distribute, methamphetamine and a conditional plea of guilty to using and carrying three firearms in relation to the methamphetamine charge. He appeals the district court's finding that there was sufficient evidence to conclude that Young carried the firearms in relation to the drug charge, and the lower court's interpretation of the plea agreement for sentencing purposes. The government concedes the second point raised on this appeal. We affirm in part, vacate the sentence, and remand for resentencing.

## BACKGROUND

Certain facts were stipulated to by the parties at the sentencing hearing, both in writing and in the sentencing colloquy. Andalusia, Alabama police officers, shortly after midnight on October 29, 1995, observed a pick-up truck being driven erratically. The truck was stopped and appellant, the driver, was arrested for driving under the influence of alcohol and driving on the wrong side of the road. An inventory search of the vehicle was made and the police found 23 grams of methamphetamine under the carpet on the floor of the vehicle and a .22 caliber semi-automatic handgun and a 9mm handgun under the seat. They also found a .22 caliber rifle behind the driver's seat. Although the guns were in close proximity to the drugs, neither were in plain view.

The guns were loaded and functioning and appellant knew they were in the pickup when he was arrested. Appellant also stipulated that the drugs in the pickup were intended for distribution rather than for personal use.

The sentencing judge found on the basis of these facts and the reasonable inferences to be derived from such facts that a reasonable fact finder could have

2

decided that appellant carried the fire arms during and in relation to a drug trafficking crime.

## DISCUSSION

This Court reviews *de novo* whether there was sufficient evidence to sustain a conviction. U.S. v. Chirinos, 112 F3d 1089, 1095 (11th Cir. 1997). The same *de novo* review is also used in construing plea agreements. U.S. v. Jefferies, 908 F2d 1520, 1523 (11th Cir. 1990).

All inferences from the evidence must be drawn in the government's favor. U.S. v. Lyons, 53 F3d 1198, 1200 (11th Cir.), cert. denied, _____ U.S. _____, 116 S.Ct. 350 (1995).

The statute involved provides that:

" . . . Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, . . ." 18 U.S.C. § 924(c)(1).

The parties agree that appellant did not use the firearms in connection with a drug trafficking crime[1] but appellant concedes that he carried firearms within the meaning of the statute. He argues, however, that he did not carry the firearms during and in relation to a drug trafficking offense. He maintains there must be evidence to

---

[1] There is no evidence to show appellant actively employed the firearms during and in relation to a drug trafficking offense. Bailey v. U.S., _____ U.S. _____, 116 S.Ct. 501, 505, 133 L.Ed.2d 472 (1995).

3

show that he was using his vehicle as a distribution center; that is, as a base for drug distributions. Thus, he feels there must be some evidence to show an imminent sale from the vehicle.

The government counters that evidence of an imminent sale is not required. As appellant stipulated the drugs were intended for distribution, a reasonable fact finder could infer the loaded guns in proximity to the drugs linked the guns and the drugs to an unlawful activity. The United States argues that even if the drugs were to be sold at some other location, the reasonable inference is that the pickup was being used to transport the methamphetamine to an intended destination where it would be sold. Thus, the time of the intended sale is not material.

Appellant relies on U.S. v. Farris, 77 F3d 391 (11th Cir.), cert. denied., _____ U.S. _____, 117 S.Ct. 241 (1996), and U.S. v. Range, 94 F3d 614 (11th Cir. 1996). In each case drugs and guns were located in a vehicle and a sale of drugs was imminent or in progress.

In Farris, the defendant agreed to deliver crack cocaine to a confidential informant at a motel. Farris and three other persons drove to the motel in a Toyota vehicle. There was evidence that Farris set up the sale and owned a gun located in the glove compartment. Farris exited the vehicle leaving the gun in the glove compartment, and was arrested as he approached the motel room where the sale was to occur. This court held the evidence was sufficient for the jury to conclude the Toyota was being used as a drug distribution center, and that the gun was being carried during the commission of a drug offense.

The evidence in Range showed that he and co-defendants were involved in a drug sale at a restaurant. Range drove his vehicle to the restaurant parking lot and parked near the co-defendant's vehicle. An informant and a co-defendant came to

4

Range's auto and picked up a bag containing a sum of money from the floor. The parties exited Range's auto and drove to another area of the lot where two packages appearing to be cocaine were displayed and all were then arrested. A search of Range's car revealed a loaded pistol under the front seat floor mat and a bag containing $40,000 in cash. After comparing the facts in Farris, this court held there was sufficient evidence to establish the "carrying" of a firearm during or in relation to the drug offense.

Although the facts in Farris and Range involve an imminent sale or one in progress, the cases are not so narrow as suggested by appellant. Neither decision stated that the government must show that the sale occurred in the vehicle or that the sale must be imminent or in progress and we do not so hold here. What we do hold is that a fact finder in this case could reasonably link the vehicle and the guns to drug trafficking activity in order to satisfy the "carrying" prong of the statute even though there is no direct evidence of a sale in progress or one that is imminent.

The guns were loaded in the vehicle, and appellant knew they were there. They were within the driver's reach as were the drugs.[2] It is reasonable to assume the vehicle was being used to transport the methamphetamine to a destination where it would be sold. This conclusion is inescapable as appellant has admitted the drugs were intended for distribution, that is a sale. Given the facts here, the lack of evidence of a specific sale setting out a date, time, place and names of participants does not prevent the fact finder from concluding the "carrying" prong of the statute

---

[2] Some circuits have held the carrying of a firearm during and in relation to a drug trafficking crime prong of 18 U.S.C. § 924(c)(1) is satisfied simply if the drugs and guns are together in the same place. U.S. v. Molina, 102 F3d 928, 932 (7th Cir. 1996); U.S. v. Miller, 84 F3d 1244, 1258-1261 (10th Cir. 1996), cert. denied, 117 S.Ct. 443 (1996); (Contra) U.S. v. Malcuit, 104 F.3d 880 (6th Cir. 1997).

has been established.   See U.S. v. Riascos-Suarez, 73 F3d 616, 623 (6th Cir. 1996). In addition, a fact finder could reasonably have concluded that the guns had the potential of facilitating a drug trafficking offense.  Smith v. U.S., 508 U.S. 223, 238, 113 S.Ct. 2050 (1993).  Again, they were loaded and were  in close proximity to the drugs and were within easy reach of appellant.  Given the quantity of the drugs, it stretches the imagination to assume the guns were there by accident or coincidence. For these reasons we sustain the conviction of carrying a firearm during and in relation to a drug trafficking crime.

## PLEA AGREEMENT

Appellant's guideline range on Count I was 46 to 57 months.  The sentence on Count II would be 60 months consecutive to the sentence imposed on Count I as required by statute.  Pursuant to a cooperative agreement, the government moved for a downward departure to reduce the sentence by 25%, U.S.S.G. § 5K1.1.  There was confusion at sentencing as to whether the 25% reduction would apply to the sentence on Count I only, or to the sentence as a whole.

The district court, noting the literal language of the agreement, applied the reduction to the sentence on Count I only.  Appellee concedes this was inappropriate as the actual agreement was to request a 25% reduction from the combined sentence on both counts.  We acknowledge the concession, vacate the sentence, and remand for resentencing.   U.S. v. Jefferies, 908 F.2d 1520, 1523 (11th Cir. 1990).   At resentencing, the trial judge shall sentence appellant within the guideline range of 46 to 57 months as to Count I followed by a 60-month sentence as to Count II, consecutive to the sentence imposed on Count I.  He shall then adjust the total sentence by a 25% reduction.

6

AFFIRMED in part and sentence VACATED and REMANDED for resentencing consistent with this opinion.