Justice Stevens
delivered the opinion of the Court.
Respondent attempted to enter the United States by car ferry at Port Angeles, Washington. Hidden in the trunk of his rental car were explosives that he intended to detonate at the Los Angeles International Airport. After the ferry docked, respondent was questioned by a customs official, who instructed him to complete a customs declaration form; respondent did so, identifying himself on the form as a Canadian citizen (he is Algerian) named Benni Noris (his name is Ahmed Ressam). Respondent was then directed to a secondary inspection station, where another official performed a search of his car. The official discovered explosives and related items in the car’s spare tire well.
Respondent was subsequently convicted of a number of crimes, including the felony of making a false statement to a United States customs official in violation of 18 U. S. C. § 1001 (1994 ed., Supp. V) (Count 5) and carrying an explosive “during the commission of” that felony in violation of § 844(h)(2) (1994 ed.) (Count 9). The Court of Appeals for the Ninth Circuit set aside his conviction on Count 9 because it read the word “during,” as used in § 844(h)(2), to include a requirement that the explosive be carried “in relation to” the underlying felony. 474 F. 3d 597, 601 (2007). Because that construction of the statute conflicted with decisions of other Courts of Appeals, we granted certiorari.[1] 552 U. S. 1074 (2007).
*274 I
The most natural reading of the relevant statutory text provides a sufficient basis for reversal. That text reads:
“Whoever—
“(1) uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States, or
“(2) carries an explosive during the commission of any felony which may be prosecuted in a court of the United States,
“including a felony which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device shall, in addition to the punishment provided for such felony, be sentenced to imprisonment for 10 years.” 18 U. S. C. §844(h).
It is undisputed that the items hidden in respondent’s car were “explosives.” [2] It is also undisputed that respondent was “carr[ying]” those explosives when he knowingly made false statements to a customs official, and that those statements violated § 1001 (1994 ed., Supp. V).
There is no need to consult dictionary definitions of the word “during” in order to arrive at the conclusion that respondent engaged in the precise conduct described in § 844(h)(2) (1994 ed.). The term “during” denotes a temporal link; that is surely the most natural reading of the word *275 as used in the statute. Because respondent’s carrying of the explosives was contemporaneous with his violation of § 1001, he carried them “during” that violation.
II
The history of the statute we construe today further supports our conclusion that Congress did not intend to require the Government to establish a relationship between the explosive carried and the underlying felony. Congress originally enacted § 844(h)(2) as part of its “Regulation of Explosives” in Title XI of the Organized Crime Control Act of 1970, 84 Stat. 957. The provision was modeled after a portion of the Gun Control Act of 1968, § 102,82 Stat. 1224, codified, as amended, at 18 U. S. C. § 924(c) (2000 ed. and Supp. V). The earlier statute mandated at least 1 and no more than 10 years’ imprisonment for any person who “carries a firearm unlawfully during the commission of any felony which may be prosecuted in a court of the United States.” 18 U. S. C. § 924(c)(2) (1964 ed., Supp. IV). Except for the word “explosive” in § 844(h)(2), instead of the word “firearm” in § 924(c)(2), the two provisions as originally enacted were identical.
In 1984, Congress redrafted the firearm statute; it increased the penalties attached to the provision and, most significantly for our purposes, deleted the word “unlawfully” and inserted the words “and in relation to” immediately after the word “during.” § 1005(a), 98 Stat. 2138. Reviewing a conviction for an offense that was committed before the amendment but not decided on appeal until after its enactment, the Ninth Circuit held that the original version of the firearm statute had implicitly included the “in relation to” requirement that was expressly added while the case was pending on appeal. As then-judge Kennedy explained:
“The statute as written when Stewart committed the offense provided in pertinent part that it was a crime to (carr[y] a firearm unlawfully during the commission of any felony____’ 18 U. S. C. § 924(c)(2) (1982). In 1984, *276 Congress revised section 924(c).... The 1984 amendment substituted for the word ‘during’ the phrase ‘during and in relation to.’ 18 U. S. C. A. § 924(c) (West Supp. 1985) (emphasis added). Our study of the legislative history of the amendment... indicates the ‘in relation to’ language was not intended to create an element of the crime that did not previously exist, but rather was intended to make clear a condition already implicit in the statute. The legislative history reveals that because the amendment eliminated the requirement that the firearm be carried unlawfully, 18 U. S. C. A. § 924(c) (West Supp. 1985), the ‘in relation to’ language was added to allay explicitly the concern that a person could be prosecuted under section 924(e) for committing an entirely unrelated crime while in possession of a firearm. Though the legislative history does not say so expressly, it strongly implies that the ‘in relation to’ language did not alter the scope of the statute . . . .” United States v. Stewart, 779 F. 2d 538, 539-540 (1985) (citations omitted).
Relying on that Circuit precedent, the Court of Appeals in this case concluded that the explosives statute, like the firearm statute, implicitly included a requirement of a relationship between possession of the item in question and the underlying felony. Whatever the merits of the argument that § 924(c) as originally enacted contained a relational requirement, the subsequent changes to both statutes convince us that the Government’s reading of § 844(h) as presently written is correct.
Ill
In 1988, Congress enacted the “Explosives Offenses Amendments,” § 6474(b), 102 Stat. 4379, which modified the text of § 844(h). Those amendments increased the penalties for violating the provision, § 6474(b)(2), id., at 4380; they also deleted the word “unlawfully,” § 6474(b)(1), ibid. Unlike its *277 earlier amendment to the firearm statute, however, Congress did not also insert the words “and in relation to” after the word “during.” While it is possible that this omission was inadvertent, that possibility seems remote given the stark difference that was thereby introduced into the otherwise similar texts of 18 U. S. C. §§ 844(h) and 924(c).
Even if the similarity of the original texts of the two statutes might have supported an inference that both included an implicit relationship requirement, their current difference virtually commands the opposite inference. While the two provisions were initially identical, Congress’ replacement of the word “unlawfully” in the firearm statute with the phrase “and in relation to,” coupled with the deletion of the word “unlawfully” without any similar replacement in the explosives statute, convinces us that Congress did not intend to introduce a relational requirement into the explosives provision, but rather intended us to accept the more straightforward reading of § 844(h). Since respondent was carrying explosives when he violated §1001, he was carrying them “during” the commission of that felony. The statute as presently written requires nothing further.
Accordingly, the judgment of the Court of Appeals is reversed.

It is so ordered.

Justice Thomas, with whom Justice Scalia joins, concurring in part and concurring in the judgment.
Because the plain language of the statute squarely answers the question presented in this case, I join only Part I of the Court’s opinion.

 Both the Third and Fifth Circuits have declined to interpret § 844(h)(2) as requiring that the explosive be carried in relation to the underlying felony. See United States v. Rosenberg, 806 F. 2d 1169, 1178-1179 (CA3 1986) (“The plain everyday meaning of ‘during’ is ‘at the same time’ or ‘at a point in the course of’ ... . It does not normally mean ‘at the same *274 time and in connection with----’ It is not fitting for this court to declare that the crime defined by § 844(h)(2) has more elements than those enumerated on the face of the statute”); United States v. Ivy, 929 F. 2d 147, 151 (CA5 1991) (“Section 844(h)(2)... does not include the relation element Ivy urges .... We . .. refuse to judicially append the relation element to § 844(h)(2)”).

 Because respondent concedes that the items in his car were “explosives,” we have no occasion to determine the boundaries of that term as used in the statute. Specifically, we do not comment on when, if ever, “such commonplace materials as kerosene, gasoline, or certain fertilizers,” post, at 278 (Breyer, J., dissenting), might fall within the definition of “explosive.”