[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11763
Non-Argument Calendar

_____

D. C. Docket No. 07-00394-CR-JHH-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY CHARLES WELCH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 1, 2009)

Before BLACK, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Larry Charles Welch appeals his conviction and 420-month total sentence for possession with intent to distribute 50 grams or more of cocaine base and an amount of marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(D); carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, Welch argues his conviction is unconstitutional because the evidence was insufficient to support the jury's verdict of guilt. He also contends his sentence is unreasonable because it is greater than necessary to satisfy the requirements of 18 U.S.C. § 3553(a). We address these arguments in turn.

## I.

We review a challenge to the sufficiency of evidence *de novo*, considering the evidence "in the light most favorable to the government" and "resolv[ing] all reasonable inferences and credibility evaluations in favor of the jury's verdict." *United States v. Robertson*, 493 F.3d 1322, 1329 (11th Cir. 2007). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *Id.* (internal quotations omitted). In other words, "[t]he verdict must stand

2

if [there] is substantial evidence to support it, that is[,] unless no trier of fact could have found guilt beyond a reasonable doubt." *United States v. Calderon*, 127 F.3d 1314, 1324 (11th Cir. 1997) (internal quotations omitted).

*A. 21 U.S.C. § 841*

"To sustain a conviction for possession of a controlled substance with intent to distribute, the government must show that a defendant knowingly possessed the controlled substance with the intent to distribute it." *United States v. Hernandez*, 433 F.3d 1328, 1333 (11th Cir. 2005) (internal quotations omitted). We conclude the evidence was sufficient for a jury to convict Welch under § 841. Two officers testified they saw a man in a black shirt and gold pants who fit Welch's description carrying a rifle and a blue backpack. Both testified they got a clear look at the suspect's face before he fled into an apartment building and both identified Welch at trial as the suspect. When the officers captured Welch less than a block away from the apartment building, he was wearing a black shirt and gold pants and one of the officers testified that he recognized Welch's face. This evidence, along with Welch's later acknowledgment that he possessed the backpack, supported the jury's finding that Welch knowingly possessed the blue backpack.

When the backpack was found in an abandoned apartment, it contained two large crack rocks, a large bag of marijuana, several pills, and two digital scales.

Based on the testimony of a narcotics detective—that scales and weapons are tools of the drug trade and that the amounts of drugs contained in the backpack were consistent with distribution amounts—the jury could find that Welch possessed those drugs with the intent to distribute them. *See United States v. Poole*, 878 F.2d 1389, 1392 (11th Cir. 1989) ("Intent to distribute can be proven circumstantially from, among other things, the quantity of cocaine and the existence of implements such as scales commonly used in connection with the distribution of cocaine.").

*B. 18 U.S.C. § 924(c)*

Section 924(c) makes it a federal crime to carry a firearm "during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States." "A defendant carries a firearm if it is carried directly on his person or carried in his vehicle." *United States v. Frye*, 402 F.3d 1123, 1128 (11th Cir. 2005). To prove the "in relation to" element, the evidence must show that the firearm had "some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Smith v. United States*, 113 S. Ct. 2050, 2058-59 (1993). We conclude the evidence was sufficient for a jury to convict Welch under § 924(c).

4

The officers testified they saw Welch carrying a rifle several minutes before he was arrested. The officers found a 9-mm rifle in the same abandoned apartment where they found the backpack containing drugs. In his interview with an ATF agent, Welch described the rifle as "a black nine-millimeter rifle"—more detail than the agent knew at the time. From the evidence presented at trial, the jury could reasonably conclude Welch carried the rifle "directly on his person," *Frye*, 402 F.3d at 1128, and the presence of that rifle was not "the result of accident or coincidence," *Smith*, 113 S. Ct. at 2059. Further, the evidence showed Welch was carrying the rifle and the backpack containing drugs at the same time and the rifle was loaded. This evidence was sufficient to prove the rifle at least had the potential of facilitating Welch's drug trafficking offense under § 841. *See United States v. Young*, 131 F.3d 1437, 1439 (11th Cir. 1997) (holding the evidence proved a § 924(c) offense where the defendant knew there were loaded guns in his car along with drugs because "the guns had the potential of facilitating a drug trafficking offense").

*C. 18 U.S.C. § 922(g)(1)*

To prove a violation of § 922(g)(1), the evidence must show that (1) the defendant was a convicted felon, (2) the defendant knowingly possessed a firearm or ammunition, and (3) the firearm or ammunition was in or affected interstate

5

commerce. *See United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008). We conclude there was sufficient evidence to convict Welch of violating § 922(g)(1). The parties stipulated to each element except for possession and the evidence outlined above—including the fact that the officers testified they saw Welch carrying rifle and Welch's own description of the rifle to the ATF agent—was sufficient to support a finding of possession. For these reasons, the evidence presented at trial, taken in the light most favorable to the jury's verdict, was sufficient to support a verdict of guilt on all three charged offenses. Accordingly, we affirm Welch's conviction.

## II.

We review the reasonableness of a sentence imposed by a district court under the abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). The burden of proof is on the party challenging the reasonableness of the sentence. *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006). Review for reasonableness has two steps. First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 128

S. Ct. at 597. Second, we must determine whether the sentence imposed is substantively reasonable based on the factors in § 3553(a). *Id.* In undertaking this inquiry, "we recognize that there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

In calculating a defendant's sentence, a district court must take the factors in 18 U.S.C. § 3553(a) into account. *United States v. Booker*, 125 S. Ct. 738, 757 (2005) These factors include, among other things, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, provide just punishment, and promote respect for the law; the need to deter criminal conduct; the need to protect the public from other crimes of the defendant; and the advisory Guidelines range. 18 U.S.C. § 3553(a). The district court must choose a sentence that is "sufficient, but not greater than necessary" to satisfy these factors. *Id.*

We conclude Welch's sentence is reasonable. First, the district court followed the proper procedures in sentencing Welch. The district court correctly calculated Welch's Guidelines range. The court acknowledged it was not required to impose a sentence within the Guidelines range. After considering Welch's

arguments and the factors in § 3553(a), the court concluded that a 420-month

sentence was appropriate.

Second, Welch's sentence is substantively reasonable.[1]  The record indicates

Welch has a long criminal history, including prior convictions for violent felonies.

Therefore, Welch's sentence is reasonable based on the history and characteristics

of the defendant and the need to protect the public from further crimes by the

defendant.  *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C).  The sentence also provides just

punishment for the offenses in this case and reflects the seriousness of Welch's

crimes.  *See* 18 U.S.C. § 3553(a)(2)(A).  A 420-month sentence also has a

significant deterrent effect on others who may wish to commit the same types of

crimes.  *See* 18 U.S.C. § 3553(a)(2)(B).  Finally, Welch's sentence is at the low

end of his Guidelines range.  *See* 18 U.S.C. § 3553(a)(4).  Accordingly, the district

court did not abuse its discretion in finding Welch's total sentence was "sufficient,

but not greater than necessary" to achieve the purposes of sentencing.

### III.

For the foregoing reasons, there was sufficient evidence to support the jury's

verdict of guilt on all three charges and the district court's sentence of 420 months'

---

[1] Because Welch's 60-month consecutive sentence for violating 18 U.S.C. § 924(c)(1)(A)
is a mandatory minimum sentence, we do not review that portion of the total sentence for
reasonableness.  *See United States v. Raad*, 406 F.3d 1322, 1323 n.1 (11th Cir. 2005).

imprisonment is reasonable.  Accordingly, we affirm Welch's conviction and sentence.

**AFFIRMED.**