[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 8, 2012
JOHN LEY
CLERK

No. 10-11993
Non-Argument Calendar
_____

D.C. Docket No. 4:09-cr-00217-BAE-GRS-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JYLES LANDON HARPER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 8, 2012)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jyles Landon Harper appeals his jury conviction for carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

On July 22, 2009, local law enforcement officers in Richmond Hill, Georgia executed a search warrant at Harper's residence. According to the testimony of the officers, Harper arrived at his home in a Chevy Tahoe around 9:45 p.m., at which point he got out of the car and went into his house. Soon after, another car pulled up, and Harper came out of the house to talk to the driver. Officers did not see anyone else return to the Tahoe. The police executed the search warrant within a few minutes after the driver left Harper's house. Inside the house, officers discovered a few small bags of marijuana in different locations, $510 in cash, and a decorative tin with marijuana in it. In the Tahoe, which was registered in Harper's name, they found a loaded nine-millimeter pistol in the center console. They also found a small bag containing 3.4 grams of marijuana, uncashed checks payable to Harper, and two partially-burnt marijuana cigarettes. At trial, Harper's wife testified that the gun was hers and that she kept the gun for her protection. However, Harper stipulated that he had "actual knowledge that a firearm was

2

located in the [Tahoe]."

Following trial, the jury found Harper guilty of possession of a controlled substance in violation of 21 U.S.C. § 844(a), possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1), and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Harper's felony conviction under § 844(a) for simple possession served as the predicate drug trafficking offense for the § 924(c) conviction.

On appeal, Harper argues that there was insufficient evidence to support his conviction under 18 U.S.C. § 924(c). We review de novo whether sufficient evidence supports a conviction, drawing all reasonable factual inferences from the evidence in favor of the verdict. United States v. Beckles, 565 F.3d 832, 840 (11th Cir. 2009). Evidence is sufficient if a reasonable trier of fact could find that it established guilt beyond a reasonable doubt. Id.

In order to sustain a conviction under § 924(c)(1), the government must prove three elements: that the defendant 1) "use[d] or carrie[d] a firearm"; 2) "during"; and 3) "in relation to any . . . drug trafficking crime." 18 U.S.C. § 924(c)(1)(A).

As to the "carry" prong, the Supreme Court has held that § 924(c) applies to carrying a firearm on one's person as well as in one's car. Muscarello v. United

3

States, 524 U.S. 125, 139, 118 S. Ct. 1911, 1919 (1998). In order to establish that a defendant carried the gun, "the government must show actual transporting of the firearm during and in relation to the drug trafficking offense." United States v. Chirinos, 112 F.3d 1089, 1095 (11th Cir. 1997). Harper argues that the evidence does not support the "carry" prong, because there is no evidence that he actually moved the gun into the Tahoe. See United States v. Mount, 161 F.3d 675, 680 (11th Cir. 1998) (requiring evidence that "defendant had actually moved the firearm in relation to his drug offenses"). Harper also argues that constructive possession is insufficient to sustain a conviction under § 924(c)(1), see id., and that the government wrongly relied on a theory of constructive possession in arguing its case.

Harper's arguments do not carry the day. First, there is sufficient evidence that Harper physically transported the firearm by driving the Tahoe. Testimony at trial established that law enforcement agents found a firearm in the Tahoe shortly after seeing Harper get out of the vehicle. Second, Harper stipulated that he had "actual knowledge" that the firearm was in the Tahoe. This permits the reasonable inference that Harper knew the firearm was in the Tahoe when he was driving it, which is sufficient to demonstrate that Harper actually moved the firearm, thereby satisfying the "carry" prong under § 924(c)(1). Id.

4

Section 924(c)(1) also requires that a defendant carry a firearm "during" a drug trafficking crime, which means that the carrying must be contemporaneous with the commission of the underlying drug crime. See United States v. Ressam, 553 U.S. 272, 274–75, 128 S. Ct. 1858, 1861 (2008). Harper contends that, because the government offered no evidence of a drug transaction on the evening of July 22, 2009, nor any evidence that Harper actually used the marijuana on that evening, there was no evidence that he carried the firearm contemporaneously with the predicate drug trafficking crime. Neither is this argument convincing. Harper's simple possession of 3.4 grams of marijuana in the vehicle constituted a drug trafficking crime under § 924(c), given that he had a prior drug conviction.[1] Thus, by driving the Tahoe while he possessed the marijuana, Harper carried the firearm contemporaneously with that drug trafficking crime.

As for the third element under § 924(c), that the carrying of the firearm be "in relation to" the drug trafficking offense, the Supreme Court has explained that this prong requires the firearm to have "some purpose or effect with respect to the drug trafficking crime." Smith v. United States, 508 U.S. 223, 238, 113 S. Ct.

---

[1] For the purposes of § 924(c), a drug trafficking crime "means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et. seq.)." 18 U.S.C. § 924(c)(2). A conviction for simple possession under 21 U.S.C. § 844(a) where the defendant has "a prior conviction for any drug . . . offense chargeable under the law of any State" is a class E felony. Id.; see 18 U.S.C. § 3559(a)(5). Harper had a prior drug conviction from New York, thus making his conviction for simple possession under § 844(a) a felony.

5

2050, 2058–59 (1993).  The gun cannot be entirely unrelated to the crime, but "at least must facilitate, or have the potential of facilitating, the drug trafficking offense."  Id. at 238, 113 S. Ct. at 2059 (quotation marks and alterations omitted).

The government argues that this Court has previously found the "in relation to" prong to have been satisfied where guns are loaded, in close proximity to the drugs, and within easy reach inside a car.  See United States v. Young, 131 F.3d 1437, 1439 (11th Cir. 1997).  However, the cases that the government relies upon to support its argument all contemplate drug distribution as the underlying drug trafficking crime.  See id.; United States v. Diaz-Boyzo, 432 F.3d 1264, 1270–71 (11th Cir. 2005); United States v. Range, 94 F.3d 614, 617 (11th Cir. 1996); United States v. Alvarez, 755 F.2d 830, 849 (11th Cir. 1985) ("[W]eapons have become 'tools of the trade' for those involved in the distribution of illicit drugs . . . .").  By contrast, Harper's predicate drug trafficking crime for the § 924(c)(1) charge is simple possession of marijuana for personal use.  The government cites no cases supporting the proposition that carrying a firearm facilitates or has the potential of facilitating the simple possession of drugs.  Instead, the government argues that possession of the marijuana and the gun within easy reach of each other facilitated Harper's possession of marijuana by "protecting him from[] anyone who might attempt to interrupt his acquisition,

6

transportation, possession, or smoking of the marijuana."

While we are skeptical of the government's argument that Harper carried the firearm to facilitate his consumption of the marijuana, we must draw all reasonable inferences from the evidence in favor of the verdict. Beckles, 565 F.3d at 840. Further, we cannot say that, as a matter of law, no reasonable jury could have found that the gun facilitated Harper's simple possession of the marijuana by protecting him or intimidating others. Thus, sufficient evidence supported each element of Harper's § 924(c)(1) conviction.

Harper next argues that the district court erred by admitting evidence of his prior conviction for attempted possession of a controlled substance under Federal Rule of Evidence 404(b). This Court generally reviews a district court's admission of evidence under Rule 404(b) for abuse of discretion. United States v. Ellisor, 522 F.3d 1255, 1267 (11th Cir. 2008). However, where a party fails to clearly state the ground for an objection in district court, this Court limits its review to plain error. United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006).

Prior to trial, Harper stipulated that he had a prior conviction for possession of a controlled substance, and that he possessed marijuana on July 22, 2009, as charged in the indictment. The government sought to submit evidence at trial of

7

Harper's prior conviction for drug possession, as well as evidence of his prior conviction for possession of a firearm, arguing that <u>both</u> convictions were highly probative of Harper's intent to possess a <u>firearm</u> on the date charged. The District Court allowed testimony regarding both convictions. At trial, Harper objected to admission of his prior firearm conviction, but did not object to admission of his prior drug conviction. Harper now argues that admission of the prior <u>drug</u> conviction was an abuse of discretion. Because Harper did not clearly object on this ground in district court, we review the district court's decision to admit evidence of the prior drug conviction under the plain error standard. <u>Massey</u>, 443 F.3d at 818. Under this standard, there must be 1) an error; 2) that is plain; 3) that affects a party's substantial rights; and 4) that seriously affects the fairness, integrity or public reputation of the judicial proceeding. <u>Id.</u>

Extrinsic evidence of prior bad acts is admissible under Rule 404(b) when 1) the evidence is relevant to an issue other than the defendant's character; 2) the probative value of the evidence is not substantially outweighed by its undue prejudice; and 3) the prior act is established by sufficient evidence. <u>United States v. Culver</u>, 598 F.3d 740, 748 (11th Cir. 2010). Further, where a defendant "stipulates to the issue the government seeks to prove, evidence of prior convictions is inadmissible." <u>United States v. Taylor</u>, 17 F.3d 333, 338 (11th Cir.

8

1994).

Harper argues that the first element of the Rule 404(b) test has not been met, because evidence of his prior drug conviction was not relevant to a disputed fact at trial. We agree. The government's pre-trial argument that evidence of Harper's prior <u>drug</u> conviction was relevant to whether he possessed the <u>firearm</u> on July 22, 2009 is not supported by logic. Apparently abandoning this position on appeal, the government now argues that the prior drug conviction was relevant under Rule 404(b), because it was necessary to prove an essential element of the § 924(c) charge—namely that Harper's prior drug conviction made his current possession of marijuana a drug trafficking crime. However, given that Harper had already stipulated to this prior drug conviction, we are not persuaded that testimony regarding Harper's prior drug conviction was in any way necessary to prove this undisputed element of Harper's § 924(c) charge. Having concluded that evidence of Harper's prior drug conviction was not relevant to any disputed element of Harper's § 924(c) charge, we cannot accept the government's argument that the testimony about his prior conviction was admissible at trial. <u>See</u> <u>Taylor</u>, 17 F.3d at 338. Indeed, testimony regarding this already stipulated fact could offer no benefit to the government <u>but</u> its prejudicial effect. Because the government's pre-trial argument is not logical, and its failure to present a viable alternative

argument on appeal, we conclude that it was error to admit evidence of Harper's prior drug conviction at trial, and that the error was plain. See Massey, 443 F.3d at 818.

Nonetheless, our review of the record persuades us that the district court's error neither affected Harper's substantial rights, nor seriously affected the fairness or integrity of the judicial proceeding. See Id. The district court issued curative jury instructions not to consider evidence of prior bad acts in deciding whether Harper committed the acts charged in the indictment. This Court has held that jurors are presumed to apply the legal standards given them in jury instructions, so we presume here that the jurors did not consider Harper's prior drug conviction in determining his guilt in the present case. See Brown v. Jones, 255 F.3d 1273, 1280 (11th Cir. 2001). Beyond that, the prosecutor elicited testimony regarding Harper's prior drug conviction over the course of just two brief questions and answers. The testimony was limited to the evidence of Harper's prior conviction as stated in his indictment. As such, we conclude that the error neither affected Harper's substantial rights, nor undermined the integrity of the proceeding, and therefore does not merit reversal under the plain error standard.

For the reasons stated, we AFFIRM the district court.