# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40835
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2017

Lyle W. Cayce
Clerk

RICHARD PORTER,

Petitioner-Appellant

v.

JOHN B. FOX, Warden; UNITED STATES DEPARTMENT OF JUSTICE,

Respondents-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-269

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Richard Porter, federal prisoner # 27583-034, appeals the dismissal of his petition under 28 U.S.C. § 2241. Porter is serving life and other sentences for drug-trafficking and firearm crimes, including using a firearm to commit murder during and in relation to a drug-trafficking crime and discharging a firearm during and in relation to a drug-trafficking crime, violations of 18 U.S.C. § 924(c) and other subsections of § 924. He contends that he may

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenge his convictions under § 2241 because he meets the requirements set forth in *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001), and 28 U.S.C. § 2255(e).  He argues that, in light of the Supreme Court's decisions in *United States v. Ressam*, 553 U.S. 272 (2008), and *Rosemond v. United States*, 134 S. Ct. 1240 (2014), he was convicted of non-existent violations of § 924(c).

We review de novo the dismissal of a § 2241 petition. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  Generally, claims of trial and sentencing errors are not properly raised in a § 2241 petition.  *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000).  However, a § 2241 petition that attacks a federal conviction may be considered if the claims are "based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a nonexistent offense," and if the claims were previously "foreclosed by circuit law."  *Reyes-Requena*, 234 F.3d at 904.  Porter must therefore prove that, in light of "a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime."  *Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001).

Porter's reliance on *Ressam* and *Rosemond* affords him no relief, even if it assumed that those decisions are retroactive.  *Ressam* held that a violation of 18 U.S.C. § 844(h)(2) required that an explosive be carried "during" a federal felony.  *Ressam* is not relevant because it concerned 18 U.S.C. § 844(h) rather than § 924(c).  *Ressam*, 553 U.S. at 274-75.  Moreover, Porter was convicted of using and carrying a firearm, "during" a drug-trafficking conspiracy.  *Rosemond* pertained to the proof required to convict a defendant of aiding and abetting the use of a firearm during a drug crime.  *Rosemond*, 134 S. Ct. at 1249.  However, Porter was not charged with aiding and abetting but rather with two counts of "knowingly" using and carrying a firearm and causing it to

be discharged, resulting in a murder and an attempted murder. We have already found the evidence sufficient to prove all of the charged violations of § 924(c). *See United States v. Davis*, 124 F. App'x 838, 843-33 (5th Cir. 2005). Porter thus does not show that "he was convicted for conduct that did not constitute a crime" in light of *Ressam* or *Rosemond*. *Jeffers*, 253 F.3d at 831; *see Reyes-Requena*, 243 F.3d at 903-04.

The judgment is AFFIRMED.