[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14952
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00021-CG-B-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ZACHERY JOSEPH COOLEY,
a.k.a. Red,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(September 5, 2018)

Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Zachery Cooley appeals his convictions and 283-month total sentence for: 1 count of conspiracy to possess methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 846; 4 counts of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); 1 count of possessing a firearm during and in relation to a drug trafficking felony, in violation 18 U.S.C. § 924(c)(1)(A); and 2 counts of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(9).  On appeal, Cooley argues that: (1) the evidence the government presented at trial was not sufficient to prove he used or carried a firearm during and in relation to a drug trafficking offense; and (2) the district court miscalculated his guideline range because it failed to determine whether all three kilograms attributable to him met the purity threshold standard for "ice" methamphetamine.

## I.

We review challenges to the sufficiency of the evidence *de novo*, viewing the evidence in a light most favorable to the verdict and drawing all reasonable inferences and credibility choices in the verdict's favor.  *United States v. Godwin*, 765 F.3d 1306, 1319 (11th Cir. 2014).  The verdict must be affirmed unless there is no reasonable construction of the evidence from which the jury could have found the defendant guilty beyond a reasonable doubt.  *Id.* at 1319-20.  A jury is free to choose among reasonable constructions of the evidence.  *Id.* at 1320.  It is therefore

not necessary that the evidence exclude every reasonable theory of innocence or be wholly inconsistent with every conclusion except that of guilt.  *Id.*  Moreover, credibility determinations are left to the jury.  *United States v. Flores*, 572 F.3d 1254, 1263 (11th Cir. 2009).  We will not disregard them unless the testimony is unbelievable on its face or incredible as a matter of law, meaning it contains facts that the witness could not have possibly observed or events that could not have occurred under the laws of nature.  *Id.*

We apply the same standard in evaluating the sufficiency of the evidence regardless of if the evidence presented was direct or circumstantial.  *United States v. Focia*, 869 F.3d 1269, 1279 (11th Cir. 2017).  However, if the government relied on circumstantial evidence, "reasonable inferences, not mere speculation, must support the conviction."  *United States v. Martin*, 803 F.3d 581, 587 (11th Cir. 2015) (quotation marks omitted).

It is unlawful for an individual to use or carry a firearm during and in relation to a drug trafficking crime.  18 U.S.C. § 924(c)(1)(A).  In order to sustain a conviction in violation of § 924(c)(1), the government must present sufficient evidence that the defendant (1) used or carried a firearm; (2) during; and (3) in relation to any drug trafficking crime.  *See United States v. Timmons*, 283 F.3d 1246, 1250 (11th Cir. 2002).  A defendant satisfies the "carry" prong if a firearm is on his person or within his vehicle.  *United States v. Frye*, 402 F.3d 1123, 1128

3

(11th Cir. 2005). The Supreme Court has held that the "use" prong is not satisfied when a defendant merely receives a firearm in exchange for narcotics. *See Watson v. United States*, 552 U.S. 74, 80-81 (2007).

In order to prove that the firearm was used or carried "during and in relation to" the drug trafficking crime, the government must demonstrate that the firearm had "some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Timmons*, 283 F.3d 1246 at 1251 (quotation marks omitted). The firearm is required to facilitate or have the potential of facilitating the offense. *Id.* We have previously held that the "in relation to" prong was satisfied where the gun is loaded, in close proximity to the drugs, and within easy reach inside a car. *See United States v. Young*, 131 F.3d 1437, 1439 (11th Cir. 1997). We reasoned that, given the large quantity of drugs involved in the particular transaction, it "stretche[d] the imagination to assume the guns were there by accident or coincidence." *Id.*

We have frequently "recognized that guns are a tool of the drug trade. There is a frequent and overpowering connection between the use of firearms and narcotics traffic." *United States v. Folk*, 754 F.3d 905, 910-11 (11th Cir. 2014) (quotation marks omitted).

A reasonable jury could have inferred that Cooley carried a firearm during and in relation to a drug trafficking crime from the government's evidence that:

4

(1) Cooley had a loaded firearm in his vehicle during a drug transaction, which he threw from his car while the police attempted to perform a traffic stop; (2) the gun was found next to drugs and drug paraphernalia; and (3) firearms were often used in methamphetamine trafficking, which Cooley was involved with. Therefore, there was sufficient evidence for the jury to find Cooley guilty of possessing a firearm during and in relation to a drug trafficking felony.

## II.

We typically review the determination of the quantity of drugs attributable to a defendant at sentencing for clear error. *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012). At sentencing, the government has the burden of establishing, by a preponderance of the evidence, the drug quantity attributable to the defendant. *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005).

A defendant's base offense level will be calculated at 36 if the defendant can be attributed with at least 1.5 kilograms, but less than 4.5 kilograms, of methamphetamine (actual) or methamphetamine "ice." U.S.S.G. § 2D1.1(c)(2). "Ice" is defined as "a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity." *Id.* § 2D1.1(c)(C). In contrast, a defendant to whom is attributed more than 1.5 kilograms, but less than 5 kilograms, of regular methamphetamine is assigned a base offense level of 32. *Id.* § 2D1.1(c)(4).

Although the Guidelines are no longer mandatory, the district court is still required to consult, consider, and correctly apply them. *See United States v. Martinez*, 584 F.3d 1022, 1025 (11th Cir. 2009). "[O]nce the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, *i.e.*, that the error did not affect the district court's selection of the sentence imposed." *Williams v. United States*, 503 U.S. 193, 203 (1992). Thus, remand is not appropriate when we determine that the district court's error did not impact the district court's ultimate sentence and the ultimate sentence is substantively reasonable. *See United States v. Keene*, 470 F.3d 1347, 1348-50 (11th Cir. 2006). If the district court states that its sentence would not have changed with a different guidelines calculation, we assume there was an error, calculate the guideline range without the error, and analyze whether the sentence would be substantively reasonable under that guideline range. *Id.* at 1349-50.

On substantive reasonableness review, we may vacate the sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors to arrive at an unreasonable sentence based on the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*). The district court must issue a sentence "sufficient, but not greater than necessary" to comply with the purposes

of § 3553(a)(2), which include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct.  18 U.S.C. § 3553(a). The weight given to any § 3553(a) factor is a matter committed to the discretion of the district court.  *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).   Further, it is "well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion . . . or the defendant falls within the safety-valve." *United States v. Castaing-Sosa*, 530 F.3d 1358, 1360 (11th Cir. 2008).

The district court stated that its sentence was appropriate regardless of any guidelines error. Moreover, the ultimate sentence was substantively reasonable even assuming a guidelines error. Thus, we need not address Cooley's challenge to the calculation of his guidelines range, specifically the use of methamphetamine "ice" in the calculation.

AFFIRMED.

7